**BERGERON**

v.

**CITY OF PORT ARTHUR et al.**

No. 3127.

Court of Civil Appeals of Texas.

Waco.

Jan. 21, 1954.

Rehearing Denied Feb. 18, 1954.

John Lindsey, Port Arthur, Marcus & Weller, Beaumont, for appellant.

A. A. DeLee, City Atty., Port Arthur, Orgain, Bell & Tucker, Beaumont, for appellees.

TIREY, Justice.

This is a negligence case. Appellant brought this suit against the City of Port Arthur, a municipal corporation, Bert Davis and W. O. Minshew, each an employee of the Police Department, for damages sustained by appellant as the result of the death of his wife and personal injuries to himself produced by a collision between a car driven by appellant and a police car owned by the City of Port Arthur and operated by Bert Davis, accompanied by W. O. Minshew, a Night Captain, in the course of their duties as police officers of the City. The defense of governmental immunity was wavied and is not an issue here except so far as it concerns appellant's Bill of Exception No. 1, which is the basis of objections to allowance of twelve challenges on behalf of appellees. The City of Port Arthur filed cross-action over and against Bert Davis and W. O. Minshew in the event of judgment against it. A cross-action was also filed by defendant W. O. Minshew against appellant Bergeron. At the conclusion of the evidence the court overruled appellees' joint motion for instructed verdict.

The jury in its verdict found substantially (Nos. 1, 2, 3, 4, 5, 6, 7, 8 and 9) that the automobile driven by appellant was struck by a police car owned by the City and operated by defendant Davis in the course of his employment at an excessive rate of speed under the circumstances and that same was negligence and that such negligence was the proximate cause of the death of appellant's wife and at the time of the collision the driver of the police car was operating same at a rate of speed that endangered or was likely to endanger the lives and limbs of persons and the safety of property at such time and place, and that such conduct was negligence and that such negligence was a proximate cause of the death of appellant's wife, as well as the injuries and damages sustained by appellant, but that the driver of the police car did not fail to keep a proper lookout; (11) that the driver of the police car failed to have said car under proper control; (12) that such failure was negligence; (13) and was a proximate cause of the death of appellant's wife and the injuries sustained by appellant; and (14) that at the time of the entry of the police car into the intersection of Woodworth Boulevard with Thomas Boulevard that a red traffic light on the northeast corner of the intersection was facing the police car; (15) that the driver of the police car failed to slow down as necessary for safety and to proceed cautiously across the intersection of Thomas Boulevard and Woodworth Boulevard in the face of the red signal light; (16) that such failure was negligence; (17) and a proximate cause of the death of appellant's wife and the damages and injuries sustained by appellant; (21) that Bert Davis, driver of the police car, in the exercise of ordinary care, could have seen appellant's car at a sufficient time and distance to have applied his brakes and reduced his speed until appellant's car had crossed the intersection; (22) that such failure was negligence; and (23) a proximate cause of the collision; (27) that appellant's wife died as the result of injuries sustained in the collision; (28) and fixed appellant's damages for loss in the death of his wife in the sum of $7,000; (29, 30) that appellant sustained personal injuries as the result of the collision in the amount of $7,500; and (31) fixed his damages for medicine and medical treatment at the date of trial at $250; and (32) fixed his damages to his

car at the sum of $200; (33-A) that Bert Davis, the driver of the police car, was on an emergency call at the time of the collision; (33) that the police vehicle was equipped with a red light on the front of said vehicle, which was visible under normal atmospheric conditions from a distance of 500 feet to the front of such vehicle; (34) that the red light on the front of the police vehicle was lighted as said police vehicle approached the scene of the collision in question; (35) that upon the immediate approach of the police vehicle to the scene of the collision an audible signal by siren was given; (36) that the failure of the plaintiff to yield the right of way to the police vehicle was a proximate cause of the collision in question; (37) that upon the immediate approach of the police vehicle on the occasion in question the plaintiff failed to drive his automobile to a position parallel to and as close to the right hand curb as possible; (38) but that such failure was not a proximate cause of the collision; (39) that upon the immediate approach of the police vehicle the plaintiff failed to bring his automobile to a stop; (40) that such failure of plaintiff was not a proximate cause of the accident; (41) that appellant did not bring his automobile to a stop at the intersection of Woodworth and Thomas Boulevards on the occasion in question; (44) that appellant did not make a left turn at the intersection when the police vehicle was so close as to constitute an immediate hazard; (46) that appellant, before changing the course of his vehicle on the occasion in question, failed to see first that there was sufficient space for such movement to be made in safety; and (47) that such failure was the proximate cause of the collision; (48) and that appellant's failure to look in the direction from which the police car was approaching before driving into the east lane of Woodworth Boulevard was a proximate cause of the collision in question; (49) but found that the failure of appellant to look in the direction from which the police car was approaching before driving into the east lane of Woodworth Boulevard was not negligence; and (50) that appellant did not

fail to reduce the speed of his car immediately before the accident; (51) and that the failure of appellant to reduce the speed of his automobile was not negligence; (53) that the failure of appellant to see the red light on the front of the police vehicle was not negligence; (55) that appellee Minshew did not sustain any damages by reason of the collision; (56) and the jury found that the collision in question was not the result of an unavoidable accident.

After the verdict was returned appellant filed motion for judgment non obstante veredicto and in such motion asked the court to disregard certain findings of the jury and to render judgment in favor of plaintiff against defendants jointly and severally, and in the alternative he moved for judgment on the verdict. In this motion appellant asked the court to disregard the answer of the jury to Issue 36 to the effect that the failure of the appellant to yield the right of way to the police vehicle was a proximate cause of the collision. In the alternative, appellant's motion asserted that there was such conflict between said findings of the jury that judgment could not be entered on the verdict.

In this motion appellant asked the court to disregard the findings of the jury in response to Issue 46 to the effect that appellant, before changing the course of his vehicle on the occasion in question, failed to see first that there was sufficient space for such movement to be made in safety; to set aside the answer of the jury to Issue 47 to the effect that appellant's failure to see that there was sufficient space for such movement to be made in safety was a proximate cause of the collision in question; to disregard the answer of the jury to Issue 48 to the effect that appellant's failure to look in the direction from which the police car was approaching before driving into the east lane of Woodworth Boulevard was a proximate cause of the collision. In the alternative, appellant asked the court to grant him judgment on the verdict for the total sum of $14,950, and as reason therefor he contends: There is no finding

that he failed to yield the right of way, which was assumed in Special Issue 36; nor is there a finding that such failure was negligence; that the jury found in respect to Issue 44 that plaintiff did not make a left turn at the intersection in question when the police vehicle was so close as to constitute an immediate hazard and that because of this finding the jury did not answer the issue as to whether his failure to yield the right of way was a proximate cause of the collision; that the jury's answer to Issue 48 cannot form the basis for a finding of contributory negligence because the issue of proper lookout was not submitted and a mere failure to look under the circumstances is and was not negligence as a matter of law; that said Issue 48 as submitted assumes that failure to look is a violation of the statute and negligence, whereas under the facts and circumstances it was an issue for the jury as to whether he failed to keep a proper lookout, and further that it was a question for the jury as to whether his failure to look was negligence. Appellant further contends that since the jury found in answer to Issue 49 that his failure to look in the direction from which the police car was approaching, before driving into the east lane of Woodworth Boulevard, was not negligence, and this finding is sufficient to disregard the answers of the jury to Issues 36, 46, 47 and 48. Appellant further contends that the court should disregard the jury's finding to Issue 46 because the answer of the jury to Issue 44 was a specific finding that the plaintiff did not make a left turn at the intersection when the police vehicle was so close as to constitute an immediate hazard, and that Issue 46 was a general issue and was vague and indefinite and is not an ultimate fact issue on which judgment against him can be based. Appellant further contends that he is entitled to judgment on the verdict of the jury because Issues 21, 22 and 23 submitted the issue of discovered peril, which he pleaded, and since the jury found that Bert Davis, the driver of the police car, in the exercise of ordinary care, could have seen the plaintiff's car at a sufficient time and distance to have applied his brakes and reduced his speed until plaintiff's car had crossed was negligence and a proximate cause of the collision. Appellant further contends that since the jury found such facts that any findings of the jury which can be said to support the contention that plaintiff was guilty of contributory negligence are of no force and effect.

■ Appellees in their motion for judgment contend in effect that since the jury, having found that appellant was guilty of various acts constituting negligence per se, which proximately caused the collision in question and appellant's injuries and damages, the court should enter judgment on the verdict in favor of defendants. We are in accord with this view.

The court decreed that appellant take nothing against appellees and set aside and disregarded the jury's answer to Issue 36, and found that in view of the verdict of the jury Bert Davis should recover nothing over against appellant, and further found that cross-plaintiff Minshew should recover nothing on his cross-action, and that the City of Port Arthur should recover nothing on its cross-action and decreed accordingly, and taxed one-half of the costs against appellant and one-half of the costs against appellee Minshew. Appellant perfected his appeal from the judgment so entered and this cause is before us by virtue of an order of our Supreme Court.

This accident occurred at the intersection of Woodworth Boulevard and Thomas Boulevard in the city limits of Port Arthur. Woodworth Boulevard is the principal thoroughfare of travel connecting the cities of Port Arthur and Beaumont. Thomas Boulevard intersects Woodworth Boulevard at right angles in an easterly and westerly direction and is a busy thoroughfare in the City of Port Arthur at all times of the day and night. Travel along both Thomas and Woodworth Boulevards is controlled by means of traffic lights which are placed on each of the four corners. Woodworth Boulevard has an esplanade in the center separating the north and south traffic lanes on Woodworth. On the 7th of February 1951 (about 7:00 p. m.,

while it was dark, but while it was clear and visibility was good) appellant and his wife were in his car, appellant driving, and they were on Woodworth Boulevard proceeding in a southerly direction. The police car operated by Bert Davis was proceeding in a northerly direction. While appellant was turning his car to the left and across the traffic lane in which the police car was moving, appellant's car was struck by the police car, which resulted in the death of appellant's wife and severe injuries to him and his car. The police car was coming from south to north at an admitted speed of 45 miles per hour on an emergency call. Just prior to the collision appellant made a lefthand turn in order to turn off of Woodworth Boulevard onto Thomas Boulevard, moving in an easterly direction.

We think the judgment against appellant and in favor of the City of Port Arthur should be affirmed because the evidence tendered the issue and the jury found that appellant violated Sec. (K) of art. 801 of the Penal Code, and Sec. 68(a) of art. 6701d, Vernon's Ann.Civ.Stats.

Appellees specially pleaded that appellant violated Sec. (K) of art. 801, Penal Code, and Sec. 68(a) of art. 6701d, Vernon's Ann.Civ.Stats., and the evidence tendered such issues to the jury. Issues Nos. 46 and 47 submitted this violation to the jury, and there was no objection to the form of the submission of these two issues. Therefore, any objection to these issues now (if meritorious) come too late under Rule 279, Texas Rules of Civil Procedure, and cases there collated. See also Wichita Falls & Oklahoma Ry. Co. v. Pepper, 134 Tex. 360, 135 S.W.2d 79. Nor do we find any conflict between the provisions of the two statutes here under consideration, and therefore Sec. (K) of art. 801, Penal Code, was not repealed by art. 6701d, aforesaid.

The jury in its answer to Issue 46 found in effect that appellant, before changing the course of his vehicle on the occasion in question, failed to see first that there was sufficient space for such move-ment to be made in safety, and (Issue 47) that such failure was a proximate cause of the collision in question. These findings of the jury convicted appellant of contributory negligence as a matter of law, and since the jury found that such negligence was a proximate cause of the collision, appellant cannot recover.

In Texas & Pacific Ry. Co. v. Baker, Tex.Com.App., 215 S.W. 556, 557, we find this statement of the rule which is applicable here: "A duty being imposed by statute, a breach thereof, resulting in an injury, of the character which the statute sought to prevent, to one for whose advantage it was enacted, itself constitutes negligence without reference to the degree of care exercised, or of reasonable anticipation of an injury. The performance of the duty does not depend upon, nor is it controlled by, surrounding circumstances. One breaching a statutory duty cannot be heard to say that its breach was consonant with any degree of care. The statute itself charges one that its violation will result in an injury of the character sought to be prevented in its enactment."

Our Supreme Court in Mundy v. Pirie-Slaughter Motor Co., 146 Tex. 314, 206 S.W.2d 587, 590, made this statement of the rule: "Whether the violation of a criminal statute may be also the basis of civil liability in a given case, in the absence of an express statutory provision therefor, depends upon whether a purpose of the statute is to set up a standard of conduct in order to give protection to the interests of the class of persons to which the injured party belongs. * * * In this state we have followed the rule that the violation of a criminal statute is not merely evidence of negligence, but is negligence per se." See also East Texas Motor Freight Lines v. Loftis, 148 Tex. 242, 223 S.W.2d 613, points 2 and 3.

This court had before it for consideration art. 6701d in Texas & N. O. Ry. Co. v. Stewart, 248 S.W.2d 177, 184, n. r. e., and in that case we quoted with approval the rule of the Supreme Court of Ohio in

Swoboda v. Brown, 129 Ohio St. 512, 196 N.E. 274, wherein that court said: " 'Where a specific requirement is made by statute and an absolute duty thereby imposed; no inquiry is to be made whether the defendant acted as a reasonably prudent man, or was in the exercise of ordinary care. In such a situation, the obligation and requirement has been fixed and established by law, and the conduct of any person which is violative of such specific statutory requirement is illegal, and, if it proximately results in injury to one to whom a legal duty is owed, the transgressor is liable for the resulting damage.' "

Since the evidence is sufficient to sustain the findings of negligence per se committed by appellant in violating Sec. (K) of art. 801, Penal Code, all of appellant's complaints about conflicts with reference to the findings in the verdict pass out of the case. See Liberty Film Lines v. Porter, 136 Tex. 49, 146 S.W.2d 982.

▆▆▆▆ Appellant's Point 5 complains of the failure of the court to sustain his motion to disregard the jury's finding to Issue 48. Issue 48 was: "Do you find from a preponderance of the evidence that plaintiff's failure to look in the direction from which the police car was approaching before driving into the east lane of Woodworth Boulevard was a proximate cause of the collision?", to which the jury answered "Yes".

The appellant testified to the effect that he did fail to look. Our view is that under the express provisions of Sec. (K) of art. 801 of the Penal Code, supra, and Sec. 68(a) of art. 6701d, supra, that it was appellant's duty to look in making a left turn at an intersection, as he was doing at the time. See Lewis v. Martin, Tex.Civ.App., 120 S. W. 2d 910, err. ref.; Edson v. Perry-Foley Funeral Home, Tex.Civ.App., 132 S.W.2d 282, no writ history; Lofland v. Jackson, Tex.Civ.App., 237 S.W.2d 785, n. r. e. We are of the further view that since plaintiff said he did not look, that this factual situation comes under the following rule: "When a party testifies to positive and definite facts which, if true, would defeat his right to recover or conclusively show his liability, and such statements are not subsequently modified or explained by him so as to show that he was mistaken, although testifying in good faith, it has generally been held that he is conclusively bound by his own testimony and cannot successfully complain if he is nonsuited or the court directs a verdict against him." J. R. Watkins Co. v. King, Tex.Civ.App., 83 S.W.2d 405, 407, no writ history. See also Stanolind Oil & Gas Co. v. State, 136 Tex. 5, 133 S.W.2d 767, 145 S.W.2d 569; La Fleaur v. Kinard, Tex.Civ.App., 161 S.W.2d 144, err. ref. w. o. m.; Leonard v. Smith, Tex.Civ.App., 186 S.W.2d 284, no writ history; Garza v. Garza, Tex.Civ. App., 191 S.W.2d 767, no writ history; City of Waco v. Thralls, Tex.Civ.App., 172 S.W.2d 142, w. o. m.

▆▆▆▆ Appellant's Point 17 complains of the action of the District Court in permitting the City six challenges and the defendants Bert Davis and W. O. Minshew six challenges by reason of the cross-action over against them by the City, and says that no adverse interest actually existed between the City and the cross-defendants, because said police car and each of the defendants was covered by a policy of public liability insurance in the amount of $10,000 to one person and $20,000 for one accident, and that this action of the defendant probably resulted in advantage to the defendants, and that this advantage is of prejudice to the appellant. Appellant overlooks the fact that defendant Minshew also filed a cross-action over against appellant. The Commission of Appeals in Gussett v. Nueces County, 235 S.W. 857, 861, said: " * * * that each party to a civil suit in a district court shall be entitled to six peremptory challenges, and parties defendant asking judgment over against each other are within the rule." See Point 2, 235 S.W. page 861, and cases there cited. See also cases cited in Vol. 25, Texas Digest, Jury, ▆▆▆▆ Edwards v. West Texas Hospital, Tex.Civ.App., 107 S.W.2d 729, writ dis.; Ralston v. Toomey, Tex.Civ.App., 246 S.W.2d 308, n. r. e.; Standard v. Texas Pacific Coal & Oil Co., Tex.Civ.App.,

47 S.W.2d 443, writ dis.; Thompson **v.** Railway Express Agency, Tex.Civ.App., 206 S.W.2d 134, writ ref.; Rule 233, T.R. C.P. Moreover, appellant's bill fails to show any prejudice. Point 3, Gussett **v.** Nueces County, supra.

We have considered each of appellant's points and finding no reversible error, each is overruled.

Accordingly, the judgment of the trial court is affirmed.