**J. T. BEACH, Appellant,**

v.

**Mrs. Nell S. (John D.) McKENNEY, Appellee.**

No. 3331.

Court of Civil Appeals of Texas. Waco.

March 1, 1956.

Rehearing Denied March 22, 1956.

**Billy VAN PRICHARD, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 28107.

Court of Criminal Appeals of Texas.

Feb. 29, 1956.

·No attorney on appeal for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

## PER CURIAM.

The offense is driving while intoxicated; the punishment, 3 days in jail and a fine of $50.

Fitzpatrick & Fitzpatrick, Waco, for appellant.

Coleman Gay, James R. Meyers, Austin, Watson C. Arnold, Waco, for appellee.

HALE, Justice.

This suit involves a collision between two automobiles which occurred at a right angle street intersection in the City of Waco at about 3:00 o'clock in the afternoon. Appellant was driving his car in a northerly direction along North 20th Street and appellee was driving her car in an easterly direction along Bosque Boulevard immediately before the crash which resulted in serious personal injuries to appellant and in the death of appellee's husband. Appellant brought the suit to recover damages on account of personal injuries sustained by him as a result of the collision, alleging that his injuries were proximately caused by the negligence of appellee in the particulars set forth in his petition. Appellee answered with a general denial and a general plea of contributory negligence on the part of appellant.

The case was tried before a jury. Upon the conclusion of the evidence the court submitted certain special issues to the jury relating to various specific acts of primary negligence on the part of appellee and of contributory negligence on the part of appellant. As a part of his charge, the court instructed the jury that by the term "proper lookout" as used therein was meant such lookout as a reasonable and prudent person, in the exercise of ordinary care, would have kept under the same or similar circumstances. Appellant duly excepted and objected to the submission of each issue in the court's charge relating to specific acts of contributory negligence on his part "for the reason that the same is not raised by the pleadings and for the further reason that there is no evidence to support said issue," and such objections were by the court overruled. In answer to such special issues the jury found, among other things, that appellee and appellant each failed to keep a proper lookout for the automobile being operated by the other, and that such failure on the part of each was a proximate cause of the collision. The jury also found that $11,750 was the amount that would reasonably compensate appellant for his injuries. Thereafter, appellant seasonably filed and duly presented his motion to disregard the findings of the jury to the effect that he failed to keep a proper lookout and that such failure was a proximate cause of the collision, and to render judgment in his favor for the amount of the found damages, because such findings and the issues upon which they were based were without support in the pleadings or evidence. The trial court overruled appellant's motion for judgment non obstante veredicto, and rendered judgment on the verdict of the jury that appellant take nothing.

Appellant predicates his appeal upon the contention (1) that there was no pleading to raise the issue and no evidence to support the finding that he failed to keep a proper lookout or that such failure was a proximate cause of the collision; and (2) that the evidence was insufficient to support such findings.

The case was tried on the original petition of appellant and the original answer of appellee. In her original answer appellee did not specifically plead that appellant failed to keep a proper lookout for the automobile being driven by appellee or that such failure on the part of appellant to keep a proper lookout constituted contributory negligence, and she did not plead any specific act of negligence on the part of appellant. However, after pleading a general denial to the allegations contained in appellant's original petition and a special denial that she was guilty of any negligence causing or contributing to the collision de-

scribed in appellant's petition, she did interpose a general plea of contributory negligence on the part of appellant, as follows: "* * * said collision and any injuries sustained by plaintiff therein were proximately caused by the negligence of the plaintiff in the manner in which he was then and there operating his automobile, or in the alternative, if plaintiff's negligence was not the sole proximate cause of said collision, then said negligence of plaintiff contributed to said accident, collision and injuries." The record before us does not disclose that appellant pleaded or presented any exception to appellee's general plea of contributory negligence as above set forth.

In the case of Agnew v. Coleman County Electric Co-operative, 153 Tex. 587, 272 S.W.2d 877, 879, the Supreme Court of this State expressly held that a defendant may plead contributory negligence in general terms, and, if not excepted to, such plea will authorize the introduction of testimony tending to establish any specific act or omission on the part of plaintiff constituting contributory negligence. In the course of its opinion, the court said: "In view of the language of Rule 94, in its entirety, we do not believe that it can be held that a general plea of contributory negligence will not support issues based upon specific acts of negligence, when justified by the evidence introduced under such general plea. If the opposite party desires more specific allegations as to contributory negligence, he is entitled to have them, upon his lodging an appropriate exception to such general pleadings."

In the Agnew case, supra, the Supreme Court quoted with approval from the case of Coleman v. Texas & Pac. Ry. Co., Tex. Civ.App., 241 S.W.2d 308 (er. ref.) as follows: " 'In its answer, appellee plead generally the contributory negligence of Anna Coleman to which plaintiffs took no exceptions; the plea under these circumstances becoming a sufficient predicate for submission by the trial court of all issues of contributory negligence raised by the evidence. "It is settled that a general plea of contributory negligence not excepted to is suf-

ficient to warrant submission of the issue either generally or in such respective groups of issues as may be made by the evidence, if submission is requested. Owl Taxi Service v. Saludis, Tex.Civ.App., 122 S.W.2d 225 and cases there cited; Northcutt v. Magnolia Petroleum Co., Tex.Civ. App., 90 S.W.2d 632, writ refused." Schumacher Co. v. Shooter, 1939, 132 Tex. 560, 124 S.W.2d 857, 859. This rule of procedure was in no wise changed or abrogated by the 1941 Rules of Civil Procedure, 94, 277 and 279; Rule 94 simply requiring the defense of contributory negligence to be set forth affirmatively by the party seeking to rely thereon; and if, as here, the same was generally plead, appellant could easily have procured a more specific pleading of defenses by appropriate exceptions.' "

[1] Therefore, since appellant failed to interpose any exception to appellee's general plea of contributory negligence, we are constrained to hold that the pleading of appellee was sufficient to warrant the trial court in submitting to the jury the issue of contributory negligence on the part of appellant in failing to keep a proper lookout if there was any evidence raising that issue.

Appellant testified in his own behalf that when he approached Bosque Boulevard he slowed down his car to a speed of not more than 20 or 25 miles per hour and looked both ways and "when I looked back ahead of me the car that I hit was in front of me, and it was so close until I didn't have time to do anything else. I made an attempt to stop with my brakes, but the collision happened, and the next thing I knew I was in between my car and the pavement." There was no direct evidence other than that given by appellant as to where he was looking at and prior to the time of the collision. However, it does not necessarily follow that there was no competent evidence showing or tending to show contributory negligence on the part of appellant in failing to keep a proper lookout because, among other reasons, the existence of any fact may be established or refuted by circumstantial evidence as well as by direct evidence.

■ There was no stop sign or signal light at the intersection where this collision occurred. There was evidence to the effect that the front of appellant's car struck the right rear side of appellee's car as the latter was about to emerge from the intersection. Appellee testified that she did not see appellant's car at any time until after the collision had occurred, although she said she looked both ways before entering the intersection, and appellant testified that he was not more than three feet from the car of appellee when he first saw her car. The jury found from sufficient evidence that that appellant's car did not enter the intersection before appellee's car entered it, but that both cars entered the intersection at approximately the same time; that appellee was not operating her car at a rate of speed in excess of 30 miles per hour; and that neither appellant nor appellee was operating his or her car at such rate of speed as a reasonably prudent person would not have operated his car under the same or similar circumstances. There was no obstruction in or near the intersection that would have prevented one entering it from the south from seeing an automobile in or approaching near to the intersection from the west along Bosque Boulevard.

After due consideration of the entire record before us, we are impelled to conclude that the probative force of the evidence as a whole was sufficient to raise and support findings that appellant failed to keep such lookout for the automobile of appellee as a reasonably prudent person, in the exercise of ordinary care, would have kept under the same or similar circumstances, and that such failure constituted and was a proximate cause of the collision and resulting injuries and damages herein complained of. We base our conclusion on the holding in the following cases: De Winne v. Allen, Tex., 277 S.W.2d 95; Brown v. Dallas Ry. & Terminal Co., Tex.Civ.App., 226 S.W.2d 135 (er. ref.); Lewis v. Martin, Tex.Civ.App., 120 S.W.2d 910 (er. ref.); Blunt v. H. G. Berning, Inc., Tex.Civ.App., 211 S.W.2d 773 (er. ref.); Stehling v. Johnston, Tex.Civ.App., 32 S.W.2d 696 (er. ref.); Lofland v. Jackson, Tex.Civ.App., 237 S.W.2d 785, 786 (er. ref. n. r. e.); Watts v. Dallas Ry. & Terminal Co., Tex. Civ.App., 279 S.W.2d 400 (er. ref. n. r. e.); Edson v. Perry-Foley Funeral Home, Tex. Civ.App., 132 S.W.2d 282 (er. dis. judg. cor.); Tidy Didy Wash v. Burnett, Tex. Civ.App., 246 S.W.2d 303 (er. ref. n. r. e.); Todd v. La Grone, Tex.Civ.App., 234 S.W. 2d 99 (er. ref. n. r. e.); Bergeron v. City of Port Arthur, Tex.Civ.App., 264 S.W.2d 769 (er. ref. n. r. e.).

From what has been said, it follows that each point of error of appellant is overruled, and the judgment of the court below is affirmed.