Junius GOODMAN et ux., Appellants,

v.

Austin John BYRON, Appellee.

No. 6390.

Court of Civil Appeals of Texas.

Beaumont.

Feb. 9, 1961.

Sadler & Sadler, Port Arthur, for appellants.

Fuller & Fuller, Port Arthur, for appellee.

McNEILL, Justice.

This suit was instituted by Junius Goodman and wife, Anna, appellants, against Austin John Byron, appellee, as the result of an automobile collision occurring at the intersection of 9th Street and Shreveport Avenue in the City of Port Arthur.

The jury convicted appellee of three acts of negligence, each of which was found to be a proximate cause of appellant Anna Goodman's injuries. It also convicted her of failure to keep a proper lookout, which was found to be a proximate cause of her injuries. Motion was filed by appellants to disregard this finding of negligence upon the part of appellant Anna Goodman and for judgment in their behalf for the amount of damages allowed by the jury for her injuries. The court overruled this motion and rendered judgment that appellants take nothing, hence this appeal.

The sole point involved in this appeal is whether the trial court erred in failing to grant appellants' motion for judgment notwithstanding the findings of the jury that appellant Anna Goodman failed to keep a proper lookout and that this was a proximate cause of her injuries. The evidence may be summarized as follows:

The intersection is an uncontrolled one in a residential area and the streets hard surfaced but without curb and gutter. 9th Street runs generally east and west and Shreveport Avenue runs generally north and south. The accident happened at 5:15 p. m., on January 23, 1959 in clear weather. The pavement on 9th Street was 20 feet wide, that on Shreveport Avenue 18 feet wide. Appellant Anna Goodman was traveling west on 9th Street approaching the Shreveport Avenue intersection. She testified she stopped her car, a 1950 Plymouth, when she reached the intersection, looked to her right and left, and there being no cars either way, she shifted her car into first gear and started out and upon entering the intersection she "heard a squeaking, and blam—a wreck." Appellee was traveling north on Shreveport Avenue as he approached 9th Street. He testified he stopped his car, a 1956 Ford, when he reached the 9th Street intersection; looked to his right and then to his left and seeing no cars either way, accelerated his car into the intersection at about the time the other car entered it and the front of his car hit the left front door of appellants. According to both parties, the cars were not traveling at excessive speeds. Appellee testified when he stopped at the intersection looked both ways and started forward, he saw appellants' car for the first time some 10 or 12 feet away which had just entered the intersection and he slammed on his brakes, skidding all four wheels two feet before his car hit the other car. The impact swung appellants' car somewhat northerly and almost all the way off the hard surface at the intersection and appellee's car came to rest to the left of his line of travel.

Only appellant Anna Goodman, driver of the Plymouth, and appellee, driver of the Ford, testified as to the facts of the accident. The former clearly testified more than once that upon reaching the intersection of the streets involved she brought her car to a stop, looked for cars, first to the right, then to the left, on Shreveport Avenue, and seeing none, shifted into first gear and started forward in-

stantaneously, not quite a second elapsing, into the intersection. No direct testimony of appellee contradicts this, and appellants argue therefrom that her testimony to the effect that she did keep a proper lookout, as a matter of law, must be accepted and the motion for judgment in the district court should have been sustained. We cannot agree with appellants. The jury was not bound by the direct testimony of appellant Anna Goodman and her negligence could be shown by circumstantial evidence. Lynch v. Ricketts, 158 Tex. 487, 314 S.W.2d 273, 275; Higginbothem et al. v. O'Keefe et al., Tex.Civ.App., 340 S.W. 2d 350. And even though she had the right of way at the intersection, she was still charged with the duty of keeping a proper lookout. Weathers v. Renshaw Bros. Well Serv. Co., Tex.Civ.App., 307 S.W.2d 640.

■ Appellant Goodman stated that from where she stopped she could see in the direction from whence appellee came for over a block or two blocks—"I could see far down." In view of the fact that both cars were traveling at moderate speeds and entered the intersection almost simultaneously and that there was no obstruction to keep her from seeing in the direction appellee was coming, since she said she did not see appellee's car, the jury could well find she did not keep a proper lookout, for had she looked to her left, she must have seen it. Lackey v. Gulf, C. & S. F. Ry. Co., Tex.Civ.App., 225 S.W.2d 630; Beach v. McKenney, Tex.Civ.App., 287 S.W.2d 956.

Appellants rely upon Dewhurst v. South Texas Rendering Co., Tex.Civ.App., 232 S.W.2d 135, 139, where a motion, similar to the one presently involved, to disregard a finding that the driver of a car in an intersectional collision failed to keep proper lookout was without support in the evidence. We think, however, that case is distinguishable. There the court pointed out that Dewhurst slowed down at the intersection and seeing the truck to his left slowing nearly to a stop, proceeded into the intersection and his car was struck at the rear end by the truck. The court observed: "Instead of saying, as does appellee, that the evidence shows that Dewhurst drove in front of the truck because he failed to keep a proper lookout and did not see the vehicle, it is as reasonable to say that Dewhurst observed the truck, saw that it was slowing down almost to stop, and then proceeded across the intersection because he was entitled to the right of way." In the case at bar, appellant Anna Goodman testified she did not see appellee's car, and therefore could not have been misled into thinking it had stopped to permit her to proceed. The case of Dixon v. Burling, Tex.Civ.App., 277 S.W.2d 957 is likewise distinguishable. There, the car coming from the other direction stopped at the intersection, indicating plaintiff could proceed. Parham v. Norwood, Tex.Civ.App., 329 S.W.2d 506, 510 is also cited. In that case the plaintiff was a pedestrian crossing a street upon light in her favor at a crosswalk in downtown Dallas. She was hurrying to get out of the street as the light changed on her and she had then reached a point where she could not turn back. The driver of the truck which struck plaintiff stated he did not see her until he was within 10 feet of her and she was then 10 feet from the curb and looking straight ahead. The driver said she did not look at him from the time he saw her 10 feet from the curb until she was struck down a moment later 8 feet from the curb. The court, in reversing the trial court's action which sustained the jury's finding plaintiff was not keeping a proper lookout, on the above record asked the pertinent question: "Where else would he (the truck driver) expect Mrs. Norwood to look when she was being run-down by a truck, and when she was in such close proximity to her destination?" This case does not aid appellants.

We have examined all the cases so earnestly urged upon us by appellants, but are persuaded they do not control the present one. Believing the trial court correctly decided the case, its judgment is affirmed.