**Otis HARDAGE et al., Appellants,**

v.

**James Gayle ROULY et al., Appellees.**

No. 6385.

Court of Civil Appeals of Texas.

Beaumont.

Sept. 7, 1961.

Rehearing Denied Sept. 27, 1961.

Sample & Walker, Beaumont, for appellants.

Fuller & Fuller, Port Arthur, for appellees.

STEPHENSON, Justice.

This suit was brought by the plaintiff, Otis Hardage, Sr., as next friend of his minor son, Otis Hardage, Jr., for personal injuries sustained by the son when struck by an automobile driven by defendant, James Gayle Rouly. Ellis Rouly, the father of James Gayle Rouly, was also named as a defendant on the theory of negligent entrustment. The parties will be referred to herein as they were in the trial court.

The jury found: The defendant James Gayle Rouly was guilty of negligence in failing to keep a proper lookout and in failing to have the automobile under proper control and that each of these acts of negligence was a proximate cause of the plaintiff's injuries; that defendant was not guilty of operating his automobile at an excessive rate of speed; the plaintiff Otis Hardage, Jr., was negligent in not keeping a proper lookout and this was a proximate cause of his injuries; and favorably to the plaintiff on the negligent entrustment issues. The controlling question in this case is whether there is any evidence to support the jury findings that the plaintiff Otis Hardage, Jr., was guilty of contributory negligence which proximately caused his injuries by failing to keep a proper lookout.

The question as to "no evidence" is a question of law and is to be tested on appeal by considering only the evidence favorable to the verdict and disregarding all other evidence.

This incident occurred in the middle of the block on 16th Street, in the City of Port Arthur. This street is a paved thoroughfare and is five lanes wide, including a parking lane on each side. Considering the evidence most favorably to the verdict, the defendant was proceeding east and struck the plaintiff while in the driving lane on the south side of the street. Plaintiff appeared suddenly directly in front of the car. Defendant did not see the plaintiff until a split second before the collision. At the time of the impact the plaintiff's back was turned

to the automobile. There was no obstruction to prevent defendant from seeing plaintiff nor the plaintiff from seeing the defendant. The incident occurred about 2:30 a. m., and the headlights on defendant's automobile were burning.

We are well aware of the rule that no presumption prevails that plaintiff was guilty of contributory negligence merely because an accident happened. Rankin v. Nash-Texas Co., Tex.Com.App., 129 Tex. 396, 105 S.W.2d 195, and also that contributory negligence is not established by evidence which is equally consistent with the exercise of care by the plaintiff, or where the inference of due care is just as reasonable as is the inference of the absence thereof. Dewhurst v. South Texas Rendering Company, Tex.Civ.App., 232 S.W.2d 135.

We feel, however, this case is controlled by the Supreme Court decision in Lynch v. Ricketts, 158 Tex. 487, 314 S.W.2d 273, 275: "In a case of this character, standards of ordinary care such as the direction and extent of the observation which Mrs. Ricketts should have made at any particular time cannot be fixed with any degree of certainty but must be left in large measure to the trier of fact. It is well settled, moreover, that negligence and causation, like any other ultimate fact, may be established by circumstantial as well as direct evidence. See English v. Miller, Tex.Civ.App., 43 S.W.2d 642 (wr. ref.); Henry v. Publix Theatres Corp., Tex.Civ.App., 25 S.W.2d 695 (wr. ref.). The jury is thus not only the judge of the facts and circumstances proven but may also draw reasonable inferences and deductions from the evidence adduced before it. Its findings may not be disregarded under the provisions of Rule 301, Texas Rules of Civil Procedure, therefore, if the record discloses any evidence of probative value which, with inferences that may be properly drawn therefrom, will reasonably support the same."

The jury may have concluded from the evidence that the plaintiff Otis Hardage, Jr., was not exercising that degree of care of an ordinary prudent person to be standing or walking in the travel lane of a thoroughfare at 2:30 a. m., in the morning with his back turned to oncoming traffic and not keeping a lookout for automobiles with their headlights burning. The jury may also have concluded this negligence was a proximate cause of the collision on the basis of these reasonable inferences and deductions from the evidence. The jury may have concluded that a reasonably prudent person under the same or similar circumstances keeping a proper lookout would have seen the automobile coming and stepped out of the travel lane of the street to avoid the collision. Goodman v. Byron, Tex.Civ.App., 345 S.W.2d 940. The trial court did not err in overruling plaintiffs' motion for judgment non obstante veredicto because there was evidence to support the issue on contributory negligence.

Plaintiffs next complain of the trial court's action in permitting the defendant to file a trial amendment at the close of the testimony. Plaintiffs did not file and present a motion for continuance based upon the ground of surprise. Such motion is essential before the filing of a trial amendment will constitute reversible error. Dirks v. Dirks, Tex.Civ.App., 302 S.W.2d 471, Ref. N.R.E., and cases cited.

Plaintiffs contend in their last point the trial court should have disregarded the issue on contributory negligence, mentioned before in this opinion and entered judgment for plaintiff because of the jury findings in reference to negligent entrustment. Plaintiffs cite no authority for their position. A finding of contributory negligence on the part of plaintiffs is clearly a defense to an action based upon negligent entrustment. Webb v. Karsten, Tex.Civ.App., 308 S.W.2d 114.

The judgment is affirmed.