### ACCO INTERNATIONAL PAPER STOCK CORPORATION, Appellant,

v.

### SEA–LAND SERVICE, INC., Appellee.

No. 17883.

Court of Civil Appeals of Texas, Houston (1st Dist.).

March 5, 1981.

Ducoff & Chanon, Bernard L. Chanon, Theodore S. Abbott, Houston, for appellant.

Ross, Banks, May, Cron & Cavin, John Mayer, Houston, for appellee.

Before COLEMAN, C. J., and PEDEN and SMITH, JJ.

SMITH, Justice.

This is an appeal in a suit on a sworn account. Sea-Land Service, Inc., appellee, filed suit against Acco International Paper Stock Corp., appellant, for freight charges. Trial was to the court without a jury and judgment in the amount of $4,191.43 was entered for Sea-Land.

We reverse and remand.

Sea-Land is a steamship company engaged in the business of carrying cargo. Acco is an exporter of waste paper. Sea-Land's agent in soliciting the Acco business informed Acco that his company could save Acco money if they used Sea-Land's service. Sea-Land agreed to receive Acco's shipment of waste paper sent from Houston to the port of shipment, to prepare the shipment by stuffing containers owned by Sea-Land, and to ship them to the point of destination. Sea-Land's charges were based on applicable tariffs. Acco's payments were based on actual weight. The difference between tariff charges billed by Sea-Land and payments made by Acco, based on actual weight, is the basis of this suit.

In its first point of error appellant asserts that an action to recover shipping charges must be brought within three years. Texas Rev.Civil Statutes Ann. Article 5526b (Vernon 1980). It urges that the freight charges included for the first time in appellee's second amended petition are barred by the three year statute of limitations.

The appellee alleges in two cross-points that the trial court erred and abused its discretion in 1) permitting the appellant to file a plea of limitations on the day of trial, and 2) denying the appellee a continuance.

Article 5526b, Sec. 1 states:

Section 1. All actions at law by carriers of property for compensation or hire

for recovery of their charges, or any part thereof, shall be begun within three years from the time the cause of action accrues, and not after.

We agree that the three year statute of limitations applies in this case, if the matters alleged in appellee's second amended petition are new matters not alleged in prior petitions. However, in the event all or any part of the transactions alleged in the appellee's second amended petition were plead in petitions filed prior to the running of the three year statute, appellee can recover to the extent that the statute does not apply.

■ The burden of proof was on appellee to prove that the transactions set forth in its second amended petition were a part of the same transactions alleged in prior petitions; however, there appear to be valid reasons why the appellant did not know what quantum of proof would be required of it by the trial court. In this connection, approximately ten minutes prior to commencement of the trial, appellant filed a supplemental pleading in which for the first time it attempted to assert the defenses of the two, three and four year statutes of limitations. Appellee objected to the trial court's permitting the filing, moved that the instrument be struck, plead surprise, and moved to withdraw its announcement of ready. The appellee further requested a continuance if the trial court did not grant its motion to strike. The trial court denied appellee's motion for a continuance and took appellee's other motions "under advisement." The trial court then ordered the parties to proceed to trial.

■ The appellee proceeded to produce evidence to prove its allegations in its second amended petition. No evidence was offered by appellee to trace or tie its evidence into the allegations made in prior petitions to prove they were a part of the same transactions. Ordinarily, there would be no necessity to trace or tie in the transactions, but in this case the trial court did not rule on the appellee's motions and objections which were taken under advisement. By not obtaining a ruling, the appel-

lee is deemed to have waived its objections and motions. Thus, the statute of limitations plead by appellant necessitated such tracing or tying in of the subject matter to prior petitions; otherwise, portions of its cause of action were barred by the three year statute of limitations. Appellee's first cross-point is overruled.

As to appellee's second cross-point, that the trial court erred in not granting its motion for continuance, appellee advised the court, as we have noted, it could not respond to appellant's pleadings setting forth new defenses filed only ten minutes prior to trial, plead surprise, requested permission to withdraw its announcement of ready, and requested a continuance.

■ The granting or denying of a continuance is within the sound discretion of the trial judge. Rule 251, Tex.Rules Civ.Proc. *Ray v. Ray*, 542 S.W.2d 209 (Tex.Civ.App.— Tyler 1976, writ ref'd n. r. e.).

■ Appellant's pleading alleging the three statutes of limitations did not allege with specificity the statutes on which it was relying. Appellee was not afforded an opportunity to level special exceptions to this pleading to ascertain which statutes appellant was asserting as a defense. The parties were placed in the untenable position of attempting to offer evidence without knowing whether the supplemental pleading was or was not being considered by the court.

We sustain the appellant's first point of error only in so far as it asserts the three year statute of limitations is applicable to this cause of action. We also sustain the appellee's second cross-point, that the trial court abused its discretion in denying appellee a continuance.

In our effort to trace the transactions, we have found many of the instruments in evidence are illegible copies of the original instruments. We recommend that on the second trial of this case greater effort be made to create a legible record.

In view of our disposition of this case there is no necessity for further discussion of other points of error raised by either party.

Reversed and remanded.

Costs of appeal are charged one-half to appellant and one-half to appellee.