CITY OF HOUSTON, Appellant,

v.

Arnold LeBLANC et ux., Appellees.

No. 5789.

Court of Civil Appeals of Texas,
Waco.

Jan. 26, 1978.

Rehearing Denied March 1, 1978.

Robert M. Collie, Jr., City Atty., James K. Gardner, Sr., Roy F. Martin, III, Asst. City Attys., Houston, for appellant.

Michael P. Haines, Michael J. Thibodeaux, Haines, Cowgill, Andell & Fuqua, P. C., Houston, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant City of Houston from $124,864. judgment in favor of plaintiffs Arnold LeBlanc and Mary Le-Blanc, in an automobile collision case.

Plaintiffs LeBlanc and wife sued defendants City of Houston and Houston police officer Ronald G. Hickman, alleging plaintiffs were damaged in a multi-car collision caused by the negligence of Hickman while driving a City of Houston vehicle.

Prior to the trial plaintiffs settled with Officer Hickman, and took a non-suit as to him on the first day of trial May 17, 1976.

Trial was to a jury which found Officer Hickman negligent and that such was a proximate cause of the occurrence. The jury assessed damages as follows:

*Issue 3:* $100,000. for Arnold LeBlanc's past and future pain, anguish and loss of earnings.

*Issue 4:* $4,864. for Arnold LeBlanc's reasonable and necessary medical and hospital expenses.

*Issue 5:* $7,500. for Arnold LeBlanc's future medical and hospital expenses.

*Issue 6:* $10,000. for Mary LeBlanc's past and future pain, anguish and loss of earnings.

*Issue 7:* $1,000. for Mary LeBlanc's reasonable and necessary medical and hospital expenses.

*Issue 8:* $300. for Mary LeBlanc's future medical and hospital expenses.

*Issue 9:* $1,200. for damages to LeBlanc's vehicle.

The trial court rendered judgment on such verdict for plaintiffs for $124,864.

Defendant City appeals on 20 points contending the trial court erred:

1) In overruling defendant's motion for judgment non obstante veredicto grounded upon plaintiffs' release from liability of defendant's employee.

2) In denying defendant leave to file its trial amendment alleging release.

3) In rendering judgment in excess of the limits of the Texas Tort Claims Act; and in not allowing a credit on the judgment for amounts paid plaintiffs on behalf of Hickman.

■ Contention 1 asserts the trial court erred in overruling defendant's motion for judgment non obstante grounded on plaintiff's release from liability of Officer Hickman. Plaintiff sued the City and Officer Hickman, driver of the City's vehicle. Officer Hickman had a liability insurance policy. Prior to trial Officer Hickman's insurance carrier paid $9,992.54 to plaintiffs (or paid on their medical bills). For such payments plaintiffs executed a release to Hickman. Defendant asserts the release of Hickman operated to release the City.

Whether or not the release of Hickman would release the City, the City did not plead such defense as required by Rule 94 TRCP. Rule 94 requires: "In pleading to a preceding pleading, a party shall set forth affirmatively * * * release * * * and any other matter constituting an avoidance or affirmative defense".

Having failed to affirmatively plead the defense of "release" the City waived its right to assert such defense. *Reid v. Associated Employers Lloyds,* Tex.Civ.App. (Fort Worth) Er.Ref., 164 S.W.2d 584; *First Nat. Bank in Dallas v. Zimmerman,* Tex.S. Ct., 442 S.W.2d 674.

Contention 1 is overruled.

Contention 2 asserts the trial court erred in denying defendant leave to file its trial amendment alleging release.

The release of Officer Hickman by plaintiffs was executed on December 2, 1975. Trial of this case began on May 17, 1976, on which date plaintiffs filed motion to non-suit as to Officer Hickman, which motion was granted by the trial court. The trial was completed and the jury returned its

verdict on May 20, 1976. On June 11, 1976, 22 days after verdict, but before judgment was entered, the City tendered trial amendment pleading the release of Hickman as a defense to plaintiffs' cause of action against the City. The trial court denied leave to file such trial amendment.

The filing of a trial amendment is within the sound discretion of the trial court, and unless the trial court clearly abuses that discretion, its action will not be overturned. We cannot say that the trial court abused its discretion in this case. *Victory v. State,* 138 Tex. 285, 158 S.W.2d 760; *Irwin v. Whirley,* Tex.Civ.App. (Waco) NWH, 538 S.W.2d 150.

Contention 2 is overruled.

Contention 3 asserts the trial court erred in rendering judgment in excess of the limit of the Texas Tort Claims Act; and in not allowing a credit on the judgment for the amounts paid plaintiffs (or paid on plaintiffs' medical bills) on behalf of Hickman.

The Texas Tort Claims Act sets a limit of recovery of $100,000. per person.

Defendant sets up a schedule reflecting contention 3, as follows:

### Arnold LeBlanc

| | |
|---|---|
| Jury Verdict Issue 3 | $100,000. |
| Issue 4 | 4,864. |
| Issue 5 | 7,500. |
| Issue 9 | 1,200. |
| | $113,564. |
| Less excess TTCA limit | − 13,564. |
| | $100,000. |
| Less credits from Hickman settlement | − 6,341.85 |
| Reformed Judgment Arnold | $ 93,658.15 |

### Mary LeBlanc

| | |
|---|---|
| Jury Verdict Issue 6 | $ 10,000. |
| Issue 7 | 1,000. |
| Issue 8 | 300. |
| | $ 11,300. |
| Less credits from Hickman settlement | 3,650.69 |
| Reformed Judgment Mary | $ 7,649.31 |
| Total Reformed Judgment | $101,307.46 |

Plaintiffs in their brief concede Contention 3, and request this court to reform such judgment to conform to this schedule, reforming judgment to the amount of $101,-307.46.

Contention 3 is sustained, and the judgment of the trial court is reformed to delete $23,556.54 therefrom (in conformity with the above schedule), and as reformed affirmed in the amount of $101,307.46.

Costs of appeal are taxed one-half against the City and one-half against plaintiffs.

REFORMED and AFFIRMED.