HOME SAVINGS
ASSOCIATION, Petitioner,

v.

Louis GUERRA, Sr., Respondent.

No. C–6051.

Supreme Court of Texas.

July 1, 1987.

Winifred E. Manning, Daniel, Manning & Ralls, P.C., San Antonio, for petitioner.

Peter Torres, Jr., San Antonio, for respondent.

OPINION

CAMPBELL, Justice.

This is an action brought by Louis Guerra against Modern Builders and Supply and Home Savings Association to recover damages as a result of a home solicitation transaction. On appeal, the issue is whether an assignee of a retail installment contract can be held derivatively liable for the seller's misconduct in excess of the amount paid by the buyer under the contract.

In 1984, Guerra and Modern Builders entered into a retail installment contract which contained a notice provision required by the Federal Trade Commission (discussed below). Under the contract, Modern Builders agreed to add rock siding to Guerra's home and make repairs to the existing structure for $7,700.00. Guerra executed a ten-year promissory note which included a time-price differential payable in monthly installments of $125.69. Modern Builders assigned the note and the retail installment contract to Home Savings in exchange for $7,700.00. Thereafter, the rock siding crumbled, and Guerra brought suit against Modern Builders and Home Savings, as assignee, alleging violations of the Deceptive Trade Practices Act (DTPA) and the Home Solicitation Act. At that time, Guerra had made installment payments totalling $1,256.90. Pursuant to a jury verdict, the trial court rendered judgment for Guerra against Modern Builders and Home Savings, jointly and severally, for $25,000.00 plus attorney's fees of $10,-000.00. In addition, the trial court declared the promissory note void. On appeal by Home Savings, the court of appeals affirmed the trial court judgment and held that an assignee of commercial paper could be held liable for seller misconduct, in ex-

cess of the amount paid under the contract, under the Federal Trade Commission rule, 16 C.F.R. § 433.2 (1976). 720 S.W.2d 636. We disagree and therefore reverse the judgment of the court of appeals.

The FTC rule provides:

In connection with any sale or lease of goods or services to consumers, in or effecting commerce as "commerce" is defined in the Federal Trade Commission Act, it is an unfair or deceptive act or practice within the meaning of Section 5 of that Act for a seller, directly or indirectly to:

(a) Take or receive a consumer credit contract which fails to contain the following provision in at least ten point, bold face, type:

NOTICE

ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. *RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.*

16 C.F.R. § 433.2 (1976) (emphasis added).

In adopting this rule, the FTC determined that a consumer credit transaction, which separated the consumer's duty to pay from the seller's duty to fulfill his obligations, constituted an unfair and deceptive practice. *Statement of Basis and Purpose,* 40 Fed.Reg. 53,506, 53,522 (1975). The rule was aimed primarily at situations in which a seller executed a credit contract and then assigned the contract to a credit company which took it free and clear of any claims and defenses the buyer had against the seller. *Guidelines on Trade Regulation Rule Concerning Preservation of Consumers' Claims and Defenses,* 41 Fed.Reg. 20,022, 20,023 (1976). The creditor's status as a holder in due course operated to cut off claims and defenses such as breach of contract, breach of war-

ranty, misrepresentation, or fraud on the part of the seller. 40 Fed.Reg. at 53,522. The reciprocal duties of the buyer and seller which were mutually dependent under ordinary contract law became independent of one another. Thus, the buyer's duty to pay the creditor was not excused upon the seller's failure to perform. In abrogating the holder in due course rule in consumer credit transactions, the FTC preserved the consumer's claims and defenses against the creditor-assignee. The FTC rule was therefore designed to reallocate the cost of seller misconduct to the creditor. The commission felt the creditor was in a better position to absorb the loss or recover the cost from the guilty party—the seller.

We must determine the extent to which the buyer's claim for seller misconduct is preserved against the creditor. Home Savings contends its liability to Guerra is limited to the amount paid by Guerra under the contract, $1,256.90. We agree. The notice provision required by the FTC rule includes the sentence, "Recovery hereunder by the debtor shall not exceed amounts paid by the debtor hereunder." In explaining the mechanics of the rule, the FTC's Bureau of Consumer Protection stated:

This limits the consumer to a refund of monies paid under the contract, in the event that an affirmative money recovery is sought. In other words, the consumer may assert, by way of claim or defense, a right not to pay all or part of the outstanding balance owed the creditor under the contract; but the consumer will not be entitled to receive from the creditor an affirmative recovery which exceeds the amounts of money the consumer has paid in.

. . . . .

The limitation on affirmative recovery does not eliminate any other rights the consumer may have as a matter of local, state, or federal statute. The words "recovery hereunder" which appear in the text of the Notice refer specifically to a recovery under the Notice. If a larger affirmative recovery is available *against*

*a creditor* as a matter of state law, the consumer would retain this right.

. . . . .

The Rule does apply to all claims or defenses connected with the transaction, whether in tort or contract. When, under state law, a consumer would have a tort claim against the seller that would defeat a seller's right to further payments or allow the consumer to recover affirmatively, this claim is preserved against the holder. *This is, of course, subject to the limitation of recovery under this Rule to the amounts paid in.*

41 Fed.Reg. at 20,023–24 (emphasis added).

■ These guidelines limit the creditor's derivative liability to the amount paid under the contract. A rule of unlimited liability would place the creditor in the position of an absolute insurer or guarantor of the seller's performance. We do not construe this to be the purpose of the FTC rule. We hold that a creditor's derivative liability for seller misconduct under the FTC rule is limited to the amount paid by the consumer under the credit contract. Our holding is supported by several commercial law commentators. *See, e.g.,* J. White & R. Summers, *Uniform Commercial Code* app. 1144 (2d ed. 1980); Comment, *The FTC Holder in Due Course Rule: Neither Creditor Ruination Nor Consumer Salvation,* 31 Sw.L.J. 1097, 1108–09 (1977). We disapprove of the language in *De La Fuenta v. Home Savings Association,* 669 S.W.2d 137 (Tex.App.—Corpus Christi 1984, no writ), to the extent that it is inconsistent with this opinion.

We realize the limitation provision does not limit or foreclose a consumer's right of recovery against the creditor based on independent state law grounds. 41 Fed.Reg. at 20,023. However, Guerra has not pleaded or proven an independent cause of action against Home Savings under either the DTPA or the Home Solicitation Act. Moreover, Guerra obtained no jury findings that Home Savings participated in any of the wrongful acts of which he complains. All of the jury findings pertained to wrongful acts committed solely by Modern Builders.

Guerra premised Home Savings's liability strictly on its admission that it was the holder of the note.

■ In the absence of evidence and jury findings that Guerra was adversely affected by a false, misleading or deceptive act or unconscionable action on the part of Home Savings, Home Savings has no liability under the DTPA. Although a consumer suing under the DTPA need not establish contractual privity with the defendant, he must show that the defendant has committed a deceptive act which is the producing cause of the consumer's damages. *Weitzel v. Barnes,* 691 S.W.2d 598, 600 (Tex.1985); *Cameron v. Terrell & Garrett,* 618 S.W.2d 535, 541 (Tex.1982). The DTPA does not attach derivative liability to a defendant based on an innocent involvement in a business transaction. *See, e.g., Light v. Wilson,* 663 S.W.2d 813, 814 (Tex.1983); *Cameron,* 618 S.W.2d at 541; *Building Concepts, Inc. v. Duncan,* 667 S.W.2d 897, 901 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.). To hold a creditor liable in a consumer credit transaction, the creditor must be shown to have some connection either with the actual sales transaction or with a deceptive act related to financing the transaction. *Flenniken v. Longview Bank & Trust Co.,* 661 S.W.2d 705, 707 (Tex.1983); *Knight v. International Harvester Credit Corp.,* 627 S.W.2d 382, 389 (Tex.1982).

In *Knight v. International Harvester Credit Corp.,* we held that the seller and creditor-assignee "were so *inextricably intertwined* in the transaction as to be equally responsible for the conduct of the sale." 627 S.W.2d at 389 (emphasis added). In that case, International Harvester had drafted and supplied the seller with the retail installment contract which prominently bore the insignia of International Harvester at the top of the first page. The contract provided both for the sale of the good and the payment over time with interest. Most of the contracts used by the seller were provided by International Harvester. We concluded that, because of this close connection, International Harvester was involved in more than a mere exten-

sion of credit. We held the buyer was a consumer with respect to International Harvester as well as the seller. 627 S.W.2d at 388–89.

Conversely, although Home Savings supplied Modern Builders with the installment contract used in this transaction, the contract was a standard FHA form. There was no indication that Home Savings drafted the contract nor any other evidence that Home Savings was "inextricably intertwined" with Modern Builders. Furthermore, there were no pleadings nor jury findings to support a holding that the two defendants were inextricably intertwined. Guerra simply never advanced this theory of recovery.

Because there is no evidence or findings supporting an independent ground of recovery against Home Savings based on state law, we hold Home Savings's liability is limited to the amount paid under the contract, $1,256.90. This holding is in harmony with our decision in *Kish v. Van Note*, 692 S.W.2d 463 (Tex.1985). In that case, we examined the liability of an assignee-bank under an installment contract containing the FTC notice provision. Although we did not discuss the purpose or intent of the FTC rule, we held that, because the bank had not violated the DTPA, its joint and several liability was limited to the amount paid under the contract plus attorneys fees. 692 S.W.2d at 468.

The trial court also rendered judgment against Modern Builders and Home Savings, jointly and severally, for $10,000 in attorneys fees. Home Savings claims the trial court erred in holding it jointly and severally liable for attorneys fees because its liability is limited to $1,256.90, rather than the full $25,000. However, the special issue on attorneys fees requested the jury to find Guerra's attorneys fees for the entire case, rather than separately allocating the fees to each claim. Therefore, because Home Savings did not object to this broad attorneys fees issue, any complaint that the trial court failed to segregate the fees as to each claim has been waived. *Matthews v. Candlewood Builders*, 685 S.W.2d 649, 650 (Tex.1985). Accordingly, we hold Home

Savings jointly and severally liable for attorneys fees of $10,000.

We affirm the trial court's judgment awarding Guerra $10,000 attorneys fees. We also affirm that part of the judgment declaring the note void. We reverse the judgment of the court of appeals holding Home Savings jointly and severally liable for $25,000 and render judgment against Home Savings for $1,256.90.