**BRIERCROFT SERVICE CORPORATION**

v.

**Eugene PEREZ.**

**No. 13–88–569–CV.**

Court of Appeals of Texas, Corpus Christi.

April 26, 1990.

Rehearing Denied June 29, 1990.

Publication Ordered by Supreme Court May 16, 1991.

---

814

C. Michael Ward, Charles B. Frye, Lubbock, for appellant.

O.F. Jones, Victoria, for appellee.

Before DORSEY, UTTER and KENNEDY, JJ.

## OPINION

DORSEY, Justice.

Eugene Perez, appellee, brought suit against Briercroft Service Corporation, appellant, for damages resulting from home

improvements which were not completed in a workmanlike manner. The jury found that the improvements had no value and awarded actual damages of $13,500.00. The trial court denied appellant's motions to disregard the jury's findings and for judgment non obstante verdicto, and entered judgment for appellee. Thereafter, the trial court denied appellant's motion for new trial and denied both parties motions to reform the judgment. Briercroft brings eight points of error and Mr. Perez brings three cross-points challenging the judgment of the trial court. We will first deal with appellant Briercroft's complaints.

■ By points of error one through four, Briercroft asserts that there was no evidence that appellee sustained actual damages. In considering the legal sufficiency of the evidence, the court considers only that evidence along with all its inferences that supports the jury's findings, and disregards the evidence contrary to the findings. *See Pool v. Ford Motor Co.,* 715 S.W.2d 629, 634–635 (Tex.1986); *Glover v. Texas General Indemnity Co.,* 619 S.W.2d 400, 401 (Tex.1981); *Allied Finance Co. v. Garza,* 626 S.W.2d 120, 125 (Tex.App.— Corpus Christi 1981, writ ref'd n.r.e.). We view the evidence in the light most favorable to the verdict.

■ Appellee contacted a local contractor, Perma–Stone, to get an estimate on installing new windows, insulation, and vinyl siding on his home. After agreeing on a price of $13,500.00 for labor and materials, Mr. Perez signed various applications to obtain financing. Thereafter, he entered into a retail installment contract for $13,-500.00 with Briercroft to finance the improvements that Perma–Stone was performing.

The evidence introduced at trial established that Mr. Perez was originally satisfied with the work that had been done. Perma–Stone represented to him that the work would be done in a workmanlike manner, and he believed that was what had been furnished. Several months later, however, siding began to fall off the exterior walls, windows fell apart, and doors failed to close properly. Perma–Stone at-

tempted to correct the problems on two occasions but to no avail. When Perma–Stone failed to correct the problems, Mr. Perez stopped making payments on the note to Briercroft. His payments on the contract at the time of default totaled $4,144.94.

Expert testimony showed that the siding was improperly cut, that caulking was improperly used to correct "miscuts" and that staples were used instead of nails to afix the siding. Also, sewer vents were improperly covered and the insulation used was not the kind that the contract specified. Photographs showed unfinished areas around the electrical service and windows which had completely fallen out of the house. Appellee's expert witness concluded that the improvements were not done in a workmanlike manner and that the only way to give appellee what he bargained for would be to remove everything and "do it all over again."

■ In actions for misrepresentations, damages can be measured as either: the difference between the values as represented and as received, or the difference between the value of that parted with and that received. *W.O. Bankston Nissan, Inc. v. Walters,* 754 S.W.2d 127, 128 (Tex. 1988). Appellee introduced the contract with Perma–Stone, which recited the price to be $13,500.00. Such a recitation of price is evidence of a representation of value. The jury found that the improvements rendered had no value, and appellee's expert's testimony that *everything* would be removed and done all over supports that conclusion. Hence, evidence supports the jury's finding that appellee sustained actual damages of $13,500.00, the full contract price. We overrule appellant's points of error one through four.

■ By his fifth and sixth points of error, appellant alleges that the trial court erred in failing to apply the "Federal Trade Commission" (FTC) rule regarding damages in this case. 16 C.F.R. § 433.2 (1989). When proceeds of a loan are used to purchase goods or services, the FTC rule pro-

vides that a consumer credit contract must contain the following provision:

ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF. *RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.* *id.* (emphasis added).

Appellant contends the maximum amount of damages that appellee may recover may not exceed the amounts that appellee has paid to appellant. We agree.

■ The FTC rule allows a consumer to assert a right not to pay all or part of the debt owed on a consumer contract; however, a consumer will be unable to affirmatively recover funds in excess of those the consumer actually paid to the creditor under the contract. *Id.* Similarly, under Texas law, a *creditor-assignee* could not be held liable for seller misconduct absent jury findings that the creditor was inextricably intertwined with the seller or had committed deceptive acts. *Home Savings v. Guerra*, 733 S.W.2d 134, 135–36 (Tex.1987). Here, appellee has neither pleaded nor proven an independent ground of recovery under State law against Briercroft. Absent evidence and jury findings establishing deceptive acts on the part of Briercroft, appellee is entitled to an affirmative recovery of only those funds paid to appellant under the contract. *See id.* Therefore, the trial court erred in awarding damages of $13,500.00. Appellee is entitled to an affirmative recovery of $4,144.94, the total amount paid under the consumer contract. We sustain appellant's fifth and sixth points of error.

■ By point of error seven, appellant contends the trial court erred in awarding appellee attorney's fees because there is no evidence regarding the value of legal services provided to appellee in prosecuting his claim against appellant. Appellee's attorney testified regarding his usual hourly rate for representation of clients in cases similar to the instant case. Additionally, appellee's attorney stated the number of hours actually spent and the amount that would be required should the case be appealed. Therefore, we find that the evidence supports the jury's finding of attorney's fees and overrule point of error seven.

■ By point of error eight, appellant contends the trial court erred in submitting a jury question on attorney's fees because there is no evidence regarding the portion of legal fees incurred in the prosecution of appellee's claim against appellant. Generally, when a suit involves more than one cause of action, including a cause of action in which attorney's fees are recoverable, the party seeking to recover such fees must present specific evidence indicating the amount of time incurred on that cause of action. *Bray v. Curtis*, 544 S.W.2d 816, 819 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n.r.e.).

■ However, an exception to the rule stated in *Bray* is that where several causes of action are so intertwined that they are inseparable, the party suing for attorney's fees may recover even though attorney's fees may not be recoverable on each separate cause of action. *See Green Tree Acceptance v. Pierce*, 768 S.W.2d 416, 425 (Tex.App.—Tyler 1989, no writ); *Village Mobile Homes, Inc., v. Porter*, 716 S.W.2d 543, 552 (Tex.App.—Austin 1986, writ ref'd n.r.e.). Appellee, in his first amended petition, pleaded breach of warranty, breach of contract, misrepresentation and deceptive trade practices as theories of recovery against the seller. These causes of action were based essentially on the failure of the improvements to have been completed in a workmanlike manner. Thus, the causes of action in this suit are inseparable, requiring proof of the same facts. *See Green Tree*, 768 S.W.2d at 425; *Village*, 716 S.W.2d at 552. The trial court correctly submitted the issue of attorney's fees to the jury. Appellant's eighth point of error is overruled.

■ By cross-point of error one, appellee contends that the trial court erred in

failing to reform the judgment to include cancellation of the note to appellant. Appellee contends that the trial court should have reformed the judgment to include the cancellation of the amount owing on the note to appellant. However, appellee's first amended petition only requests *damages* and fails to plead rescission. When appellee has not pleaded rescission such relief cannot be granted by the trial court. *See Green Tree,* 768 S.W.2d at 422; *Burnett v. James,* 564 S.W.2d 407, 409 (Tex. Civ.App.—Dallas 1978, writ dism'd). While appellee did pray for such damages as "he be entitled," such a prayer is insufficient in and of itself to allow for rescission of the note. *See Green Tree,* 768 S.W.2d at 422. Appellee's first cross-point is overruled.

By cross-point of error two, appellee contends that the trial court erred in failing to award mandatory DTPA [1] damages of $2,000.00. Generally, in a DTPA action, a consumer can receive in addition to the amount of actual damages found by the jury, two times the actual damages that do not exceed $1,000.00. *See* Tex.Bus. & Com.Code Ann. § 17.50(b)(1) (Vernon 1987). In order to hold a creditor liable in a consumer transaction, the creditor must be shown to have some connection either with the actual sale or with a deceptive act related to financing. *See Home Savings,* 733 S.W.2d at 136. Absent jury findings on the issue, appellant's conduct in financing or involvement on the underlying transaction, DTPA damages cannot be awarded. *Id.* Therefore, we find that the trial court did not err in failing to award $2,000.00 DTPA damages, and appellee's second cross-point of error is overruled.

By his third cross-point of error, appellee contends the trial court abused its discretion in not allowing a post-verdict trial amendment to allow pleading for rescission. The filing of a trial amendment is within the sound discretion of the trial court and, unless the trial court clearly abused that discretion, its action will not be overturned. *City of Houston v. Le-Blanc,* 562 S.W.2d 20, 21 (Tex.Civ.App.—Waco 1978, writ ref'd n.r.e.). In determining whether the trial court abused its discretion, the question is whether the trial court's action was arbitrary and unreasonable.

Here, the record establishes that the trial court's judgment was signed on August 16, 1988. Appellant filed a motion for a post-verdict trial amendment on August 17, 1988. Hence, the motion for the post-verdict trial amendment was not before the trial court prior to the rendition of judgment. While a party may amend its pleadings after verdict, once the trial court renders judgment, a trial amendment cannot be granted. *See Morris v. Hargrove,* 351 S.W.2d 666, 668 (Tex.Civ.App.—Austin 1961, writ ref'd n.r.e.). *See also Greenhalgh v. Service Lloyds Ins. Co.,* 787 S.W.2d 938 (1990); *American Produce & Vegetable Co., v. J.D. Campisi's Italian Restaurant,* 533 S.W.2d 380, 386 (Tex.Civ. App.—Tyler 1975, writ ref'd n.r.e.); Tex. R.Civ.P. 63 & 66. Appellant objected to the jury charge on the grounds that there was no evidence of "failure of consideration" and that Tex.R.Civ.P. 93 requires a verified pleading. Appellee's attempted amendment sets up a new substantive ground of recovery, and is more than an attempt to conform the pleadings to the jury award. *Compare Greenhalgh,* 787 S.W.2d at 938 (absent prejudice or surprise, a post-verdict trial amendment should be granted to conform pleadings to damages awarded by jury). In light of the above, we find that the trial court did not abuse its discretion in not allowing the requested trial amendment.

The judgment of the trial court is MODIFIED in accordance with this opinion and, AS MODIFIED, IS AFFIRMED.

UTTER, J., not participating.

---

1. Deceptive Trade Practices Act, Tex.Bus. &    Com.Code Ann. §§ 17.01–17.826 (Vernon 1987).