NUMBER 13-98-435-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


LARA ENERGY, INC. AND JOHN E. HEARN, JR., Appellants,


v.



YUMA PETROLEUM COMPANY, SAM L. BANKS, 

YUMA RESOURCES, INC., YUMA PRODUCTION 

1985, LTD., AND YUMA 1988 LEASE ACQUISITION 

FUND, GULF STATES PRODUCTION COMPANY, 

JAMES O. BLACKWELL, JR., A. B. COPLAND, Appellees,

___________________________________________________________________


On appeal from the 2nd 25th District Court


of Lavaca County, Texas.


___________________________________________________________________


OPINION ON MOTIONS FOR REHEARING



Before Chief Justice Seerden and Justices Hinojosa and Yañez


Opinion on Motions for Rehearing by Chief Justice Seerden



 By motions for rehearing, both parties request that the Court clarify its opinion
regarding the award of attorney's fees.

 Yuma argues that the award of attorney's fees was not segregated among the
various claims, as should be done if appellant prevails on only one contractual claim. 
See Oadra v. Stegall, 871 S.W.2d 882, 888 (Tex.App.--Houston [14th Dist.] 1994, no
writ)("[t]he general rule is that a party seeking to recover attorney's fees in a suit
involving multiple claims or parties has a duty to segregate the fee award."). Yuma
thus contends that this Court should remand the award of attorney's fees. See
Stewart Guar. Title Co. v. Sterling, 822 S.W.2d 1, 10-11 (Tex. 1991)("[t]his court,
however, has held that an award of attorney's fees erroneously based upon evidence
of unsegregated fees requires a remand."). Yuma asks that the Court clarify its
opinion to specify that it is remanding the issue of attorney's fees.

 In response, Lara argues that Yuma failed to object to the lack of segregation,
and thus waived any complaint about the award of attorney's fees. Lara argues that
it is entitled to the full amount of attorney's fees previously awarded by the jury.

 Generally, the party seeking attorney's fees has the duty to segregate the
attorney's fees incurred for the claims where attorney's fees are recoverable from
those where attorney's fees are not recoverable. See Stewart Title Guar. Co., 822
S.W.2d at 10-11; Flint & Assoc. v. Intercon. Pipe & Steel, 739 S.W.2d 622, 624
(Tex. App.--Dallas 1987, writ denied). An exception to the duty to segregate arises
when the attorney's fees incurred involve claims arising out of the same transaction
and their interrelation is such that their prosecution or defense entails proof or denial
of essentially the same facts. Stewart Title Guar. Co., 822 S.W.2d at 11. Therefore,
when the causes of action involved in the suit are dependent upon the same set of
facts or circumstances and thus are "intertwined to the point of being inseparable,"
the party suing for attorney's fees may recover the entire amount covering all claims. 
Id.; McLendon v. McLendon, 862 S.W.2d 662, 673 (Tex.App.-Dallas 1993, writ
denied).

 It is generally true that where a case involves more than one claim, only fees
attributable to authorized claims are recoverable. See International Sec. Life Ins. Co.
v. Finck, 496 S.W.2d 544, 546-47 (Tex. 1973). However, a party failing to object
to the failure to segregate attorneys' fees between authorized and unauthorized claims
waives any appellate error. See Hruska v. First State Bank of Deanville, 747 S.W.2d
783, 785 (Tex. 1988).

 Yuma failed to object to the jury question as to attorney's fees, thereby waiving
appellate error. See Home Savings Ass'n. v. Guerra, 733 S.W.2d 134, 137 (Tex.
1987); Aero Energy, Inc. v. Circle C Drilling Co., 699 S.W.2d 821, 823 (Tex. 1985); 
Matthews v. Candlewood Builders, Inc., 685 S.W.2d 649, 650 (Tex. 1985). Yuma
did not request an instruction requiring the jury to consider only attorney's fees
attributable to recoverable claims, thus same was waived. See Miller v. Patterson,
537 S.W.2d 360, 364 (Tex. Civ. App.--Fort Worth 1976, no writ).


 The motions for rehearing are overruled.



 _________________________________

 ROBERT J. SEERDEN, Chief Justice


Do not publish
.

Tex. R. App. P. 47.3.


Opinion on Motions for Rehearing delivered 

and filed this 25th day of May, 2000.