IN THE
TENTH COURT OF APPEALS
 

No. 10-00-263-CV

     MARVIN WADE AND WADE FAMILY CO., INC.,
                                                                         Appellants
     v.

     CITY OF WHITNEY, ET AL.,
                                                                         Appellees
 

From the 66th District Court
Hill County, Texas
Trial Court # 36,701
                                                                                                                
                                                                                                         
M E M O R A N D U M O P I N I O N
                                                                                                                

      In 1994 a Texas corporation was established, The Wade Family Co., Inc. (“Company”),
which was owned by the five children of Marvin Wade. Marvin claims he deeded to the Company
five lots he owned located in the City of Whitney, Texas (“City”), all of which had structures on
them, either residential or commercial. In February 1999 the Whitney City Council found that
the structures on the properties were in disrepair in violation of city code and had to be demolished
or removed.


 Instead, Marvin attempted to repair the structures. Consequently, in April 1999 the
City filed a lawsuit, Cause No. 36,405, and obtained an injunction against Marvin and the
Company to prevent further remodeling of the structures. Marvin continued to try to persuade the
City Council that the structures were repairable, and he hired an engineer to inspect them; the
engineer prepared a letter stating the structures had “basic structural integrity for repair.” 
Meanwhile, for apparently unrelated reasons, in May Marvin filed for Chapter 7 bankruptcy. 
Marvin claims the five properties were not listed as part of his assets in the bankruptcy.
      In August 1999 Marvin and the Company filed a lawsuit for damages against the City, the
members of the City Council, and the City Attorney, in Cause No. 36,701. Marvin filed the
lawsuit pro se on his own behalf and on behalf of the Company. The Petition alleged the City
Council members “did not fulfill their duty as an elected official in solving citizens’ and city
problems by being FAIR and IMPARTIAL,” and “turn[ed] over all power and full authority to
[the City Attorney], and never questioned his actions or his motives.” Marvin believed the five
properties had been targeted by the City Council because the Mayor wanted one of the structures,
which was a rent house across the street from his residence, removed.
      In September 1999 the properties were sold to Marvin’s brother and sister at a Sheriff’s sale
conducted in accordance with an order of sale, apparently from the bankruptcy court; the sale
pertained to yet another unrelated lawsuit in which a default judgment had been granted in 1996
against Marvin and the Company and in favor of his brother and sister. In February 2000 the City
filed a Motion to Dismiss stating five grounds: (1) any interest Marvin had in the properties was
owned by the bankruptcy estate, and so Marvin lacked standing to bring a lawsuit regarding the
properties, (2) the City’s lawsuit in Cause No. 36,405 predates Marvin’s lawsuit and covers the
same issues, and so Marvin should have filed his claims as compulsory counterclaims in the first
lawsuit, (3) section 214.0012 of the Local Government Code gives a citizen thirty days from a city
council’s decision to demolish a structure to file a lawsuit in district court, else all complaints are
forfeited, (4) pursuant to the Sheriff’s sale, all properties have now been sold and are the property
of someone else, again depriving Marvin of standing, and (5) Marvin is not a lawyer and cannot
file a lawsuit pro se on behalf of the Company, which therefore is not legally joined in the lawsuit. 
The court granted the motion and issued an Order dismissing Marvin and the Company’s lawsuit. 
Marvin, on behalf of himself and the Company, filed a Notice of Appeal from that Order.
      It is undisputed that the City Council’s resolution that the structures be demolished was issued
in February 1999. Section 214.0012(a) of the Local Government Code says:
Any owner . . . of property . . . aggrieved by an order of a municipality issued under Section
214.001 may file in district court a verified petition setting forth that the decision is illegal
. . . and specifying the grounds of the illegality. The petition must be filed . . . within 30
calendar days after the respective dates a copy of the final decision of the municipality is
mailed to [the owner] . . . or such decision shall become final . . . on the expiration of . . .
such 30 calendar day period.

Loc. Gov’t Code Ann. § 214.0012(a) (Vernon 1999). Marvin and the Company had thirty days
to file a contest in the district court. Their lawsuit was not filed until August 1999, well after the
deadline. Therefore, Marvin and the Company have forfeited their complaints about the
demolition of the properties.
      Finding that the court properly granted the City’s motion, we affirm the Order of Dismissal.
 
                                                                   BILL VANCE
                                                                   Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed June 20, 2001
Do not publish



ay of a subpoena. The court sustained the
objection. The Perales later asked additional questions about the $11,000, Nix objected again, the
court again sustained the objection, and the Perales finished their questions of Nix as a witness.
      First, the complaint about the questioning has not been preserved for our review. Nowhere
in the record do the Perales ask the judge for a specific ruling on any question they wanted to ask,
nor does the record show what answers would have been given to questions they would have
asked. Tex. R. App. P. 33.1; Ramirez v. Ramirez, 873 S.W.2d 735, 741 (Tex. App.—El Paso
1994, no writ) (Whenever testimony is erroneously excluded by ruling of the trial court, the
offering party must make a bill of exception in order to preserve complaint on appeal.).
      Second, the theory of alter ego was not in the case. It had not been pled by the Perales. No
trial amendment was requested. And, the record contains no evidence to support it. None of the
elements of alter ego, set forth in Castleberry v. Branscum, 721 S.W.2d 270, 272 (Tex. 1986),
were pled or proven. A party may not be granted relief in the absence of pleadings to support that
relief. Stoner v. Thompson, 578 S.W.2d 679, 682 (Tex. 1979) Thus, the court correctly refused
to submit the question to the jury. Point one is overruled.
      To sustain their second point, the Perales contend that the evidence shows that there was a
total failure of consideration as a matter of law. However, their pleadings and proof demonstrate
otherwise. The Perales' testimony was designed to prove that the building was not fit for its
intended purpose and to show what the cost of repairing it would be. The city of Waco issued a
certificate of occupancy. The building cost around $35,000, but could be repaired for $12,000-13,000. The jury was asked to award damages for repair and for lost earnings from the business.
      A partial failure of consideration does not justify recission of a contract. See Gensco, Inc. 
v. Transformaciones Metalurgicias Especiales, 666 S.W.2d 549, 553 (Tex. App.—Houston [14th
Dist.] 1984, writ dism'd) (citing Huff v. Speer, 554 S.W.2d 259 (Tex. Civ. App.—Houston [1st
Dist.] 1977, writ ref'd n.r.e.)). Additionally, cancellation of the liens without any other
modification of the judgment would allow the Perales a double recovery. See Southern Co. Mut.
Ins. Co. v. First Bank & Trust, 750 S.W.2d 170, 173-74 (Tex. 1988). Point two is overruled.
      Point three asks that the judgment be reformed to include a recovery against Nix for $18,995,
which is the $22,000 insurance proceeds paid to Wa-Tex less the sum of $3,005 that was the cost
of clearing the lot after the fire. The Perales' theory is based on a Federal Trade Commission rule
making the holder of a consumer credit contract subject to the defenses which the debtor could
assert against the seller, as applied by the Texas Supreme Court's decision in Home Savings Assn.
v. Guerra, 733 S.W.2d 134 (Tex. 1987). Based thereon, they contend that they should have
judgment against Nix because he, as the lender, is in a better position than they are to absorb the
loss caused by Wa-Tex.
      The Perales' reliance on Home Savings is misplaced. This issue has been decided adversely
to them by the Corpus Christi Court of Appeals and affirmed by the Supreme Court. Briercroft
Serv. Corp. v. Perez, 820 S.W.2d 813, 817 (Tex. App.—Corpus Christi 1990), aff'd in part, rev'd
in part, 809 S.W.2d 216 (Tex. 1991). In Briercroft, the intermediate appellate court said that a
consumer "will be unable to affirmatively recover funds in excess of those the consumer actually
paid to the creditor under the contract." Id. at 817. The Supreme Court affirmed that part of the
judgment.


 Perez v. Briercroft Serv. Corp., 809 S.W.2d 216, 218 (Tex. 1991).
      The evidence shows that the $18,995 in dispute was paid to Wa-Tex, the contractor. The
Perales have not paid any amount on the notes. Thus, they are not entitled to recover the $18,995
from Nix, the lender-creditor.


 Id. Point three is overruled.
      The Perales' final point seeks attorney's fees from Nix. It is without merit. Section 38.001
of the Texas Civil Practice and Remedies Code provides for recovery of attorney's fees in addition
to the amount of a valid claim for an oral or written contract. Tex. Civ. Prac. & Rem. Code
Ann. § 38.001 (Vernon 1986). The Perales have not established a valid claim against Nix. 
Because they have shown no basis for a recovery against Nix, they have no basis for attorney's
fees. We overrule point four.
      Having overruled all of the Perales' points of error, we affirm the judgment.
 
                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Davis,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed January 21, 1998
Do not publish