**Affirmed and Majority and Concurring Opinions filed December 29, 2020.**



**In the**

## Fourteenth Court of Appeals

---

### NO. 14-18-00388-CV

---

**DUSTON BROWN, INDIVIDUALLY; AND NATALIE BROWN, INDIVIDUALLY AND AS NEXT FRIEND OF ADLEY BROWN AND ILY BROWN, Appellants**

**v.**

**TARBERT, LLC; STARWOOD WAYPOINT TRS, LLC; BRANDON ROBERTS; AND CHASE FERRELL, Appellees**

---

**On Appeal from the 157th Judicial District Court**
**Harris County, Texas**
**Trial Court Cause No. 2016-81429**

---

## MAJORITY OPINION

Appellants Duston Brown, individually; and Natalie Brown, individually and as next friend of Adley Brown and Ily Brown (collectively, the Browns) challenge the trial court's rendition of summary judgment in favor of appellees Tarbert, LLC;[1]

---

[1] Tarbert asserted in the trial court and on appeal that CSH 2016-Borrower, LLC is the

Starwood Waypoint TRS, LLC; Brandon Roberts; and Chase Farrell (collectively, Tarbert). We affirm.

## I. BACKGROUND

The Browns leased a house in Friendswood from Tarbert, LLC in 2015. They moved out after several months and filed a lawsuit against Tarbert, alleging the house contained toxic mold and required repairs and asserting claims of violation of the Deceptive Trade Practices–Consumer Protection Act (DTPA);[2] common-law fraud; fraud in a real-estate transaction under Business and Commerce Code chapter 27;[3] negligent misrepresentation; negligent hiring, supervision, and/or management; breach of contract; and violations of Property Code chapter 92 concerning property repairs.[4]

Tarbert filed a motion for no-evidence summary judgment, to which the Browns filed a response. The trial court did not rule on this motion, instead allowing additional time for discovery. Tarbert then filed an amended summary-judgment motion on no-evidence and traditional grounds. The Browns filed a response to the amended motion, after which Tarbert filed objections to certain of the Browns' summary-judgment exhibits. The trial court struck the challenged exhibits and rendered summary judgment in Tarbert's favor, dismissing all the Browns' claims.[5] The Browns filed a motion to reconsider the judgment and for a new trial, to which they attached additional evidence. The trial court struck the evidence and denied the

---

successor in interest to Tarbert LLC. We need not decide this issue to dispose of this appeal.

[2] *See* Tex. Bus. & Com. Code Ann. §§ 17.41–.63.

[3] *See* Tex. Bus. & Com. Code Ann. § 27.01.

[4] *See, e.g.*, Tex. Prop. Code Ann. §§ 92.153, .158, .165, .259.

[5] The trial court's final judgment states, "This is a final an[d] appealable order dismissing of all claims against all parties." *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192–93 (Tex. 2001).

motion.

## II. ANALYSIS

In two issues, the Browns argue the trial court erred by (1) striking certain of their summary-judgment exhibits and (2) rendering summary judgment in Tarbert's favor.

## A. Authenticity of summary-judgment evidence

The Browns' first issue concerns their summary-judgment evidence. Tarbert objected to exhibits A, D, and J to the Browns' response to Tarbert's amended summary-judgment motion. In its final judgment, the trial court stated, "Defendants' objections to Plaintiffs' Evidence in opposition to the [amended summary-judgment] motion are sustained. Exs A, D & J are stricken."

The Browns first argue the trial court erred by striking "exhibit A" to their response to Tarbert's amended summary-judgment motion. At the outset, there is disagreement as to what "exhibit A" is. The Browns characterize exhibit A as their residential lease. Exhibit A to the Browns' response to Tarbert's amended summary-judgment motion, however, is listed as "Affidavit of Natalie Brown," while exhibit B is listed, confusingly, as "Ex. A. Lease."[6]

---

[6] The Browns' response to Tarbert's amended summary-judgment motion lists the exhibits attached to that response as follows:

    A. Affidavit of Natalie Brown

    B. Ex. A. Lease

    C. Ex. B Move-In Inventory Check List

    D. Ex. C Message Regarding Mold remediation

    E. Ex. D. Mold Remediation Report

    F. Ex. E Mold Photo

    G. Ex. F Locking Report

The trial court's judgment sustained Tarbert's evidentiary objections and struck "Exs A, D & J" without otherwise describing those exhibits. When interpreting a judgment, this court applies the same rules used when ascertaining the meaning of other written instruments. *See Lone Star Cement Corp. v. Fair*, 467 S.W.2d 402, 404–05 (Tex. 1971). When, as here, the judgment is ambiguous, we consider the entire contents of the judgment and the record in determining the meaning of the judgment. *See id.*; *see also Point Lookout West, Inc. v. Whorton*, 742 S.W.2d 277, 278 (Tex. 1987) (per curiam) ("[T]he mere fact that a judgment is vague or contradictory does not authorize an appellate court to deviate from the appropriate standard of review. The conflict or ambiguity must be resolved, if possible, and the judgment then reviewed under the applicable standard.").

Looking, then, to the record to determine the contents of the challenged exhibit, we begin with Tarbert's objection, which states:

> Separately, Exhibit A of Plaintiffs' Opposition should be stricken as untimely. It was filed on February 5, 2018, less than seven days before the February 9 hearing.

The only document in the record before us filed on February 5, 2018 is a notarized affidavit titled "Verification" signed by Natalie Brown. Moreover, while titled "Verification," this signed and notarized statement comports with the common definition of "affidavit," which is consistent with the listing of exhibit "A" in the Browns' response as the "Affidavit of Natalie Brown." *Cf.* Tex. Gov't Code Ann. § 312.011(1) ("'Affidavit' means a statement in writing of a fact or facts signed by

---

H. Ex. G 30 Day Guaranty

I. Ex. H. 30 Day Guaranty Nullification

J. Ex. I Receipts

K. Ex. J Dr. Browne Letter

L. Ex. K Sliding Door Photo

the party making it, sworn to before an officer authorized to administer oaths, and officially certified to by the officer under his seal of office."). Ultimately, as the affidavit of Natalie Brown filed February 5, 2018, is the only document that meets the description of "exhibit A" as set forth in Tarbert's objection, we conclude that this affidavit is the "exhibit A" that Tarbert objected to as untimely and the trial court struck.[7] *Cf.* Tex. R. Civ. P. 166a(c) ("Except on leave of court, the adverse party, not later than seven days prior to the day of [summary-judgment] hearing may file and serve opposing affidavits or other written response.").[8]

The issue of whether the trial court properly struck this affidavit is not before this court, given that, in the portion of their brief discussing "exhibit A," the Browns discuss their residential lease, not the affidavit.[9] *See* Tex. R. App. P. 33.1(a). We

---

[7] As discussed further below, the striking of the affidavit is consistent with the trial court's rendition of no-evidence summary judgment, given that the affidavit was the Browns' sole means of authenticating numerous summary-judgment exhibits. *See Freightliner Corp. v. Motor Vehicle Bd. of Tex. Dep't of Transp.*, 255 S.W.3d 356, 363 (Tex. App.—Austin 2008, pet. denied) ("If the language of the judgment is susceptible to more than one interpretation, the one that renders the judgment more reasonable, effective, and conclusive, and that harmonizes it with the facts and the law of the case, should be adopted.").

Even if the affidavit had not been stricken from the record, we note that its contents are insufficient to authenticate the Browns' summary-judgment evidence. The affidavit states that "all exhibits attached [to the Browns' response to Tarbert's amended summary-judgment motion] are true and correct copies provided by me or under my direction[.]" This conclusory language is not sufficient testimony showing that each exhibit "is what it is claimed to be" as required by Rule of Evidence 901. Tex. R. Evid. 901(b)(1); *see also, e.g.*, *Harpst v. Fleming*, 566 S.W.3d 898, 908 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (trial court did not abuse its discretion by excluding settlement packets on authenticity grounds when witness "did not testify how he obtained or received the packets, or that the packets' contents were accurate and unaltered").

[8] There is no indication in the record that the trial court granted leave for this late filing. *See* Tex. R. Civ. P. 166a(c).

[9] We note that, under the plain language of Texas Rule of Civil Procedure 166a(c), a trial court has discretion to strike an affidavit opposing summary judgment filed four days before the summary-judgment hearing as untimely. *See* Tex. R. Civ. P. 166a(c); *Bell v. Moores*, 832 S.W.2d 749, 755 (Tex. App.—Houston [14th Dist.] 1992, writ denied) ("It is not an abuse of discretion for the trial court to refuse to consider untimely affidavits opposing a motion for summary judgment.").

turn, then, to Tarbert's argument that, because this affidavit was the Browns' only means of authenticating any of their summary-judgment evidence, in its absence the Browns by definition have "no evidence" to support their claims.[10] *See In re Estate of Guerrero*, 465 S.W.3d 693, 703 (Tex. App.—Houston [14th Dist.] 2015, pet. denied) ("Under the summary judgment standard, copies of documents must be authenticated in order to constitute competent summary judgment evidence."); *see also* Tex. R. Evid. 901(a) ("To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is."). While Tarbert did not object to each of the Browns' exhibits on authentication grounds in the trial court, Tarbert argues they may raise the issue of a complete absence of authentication for the first time on appeal. *See Guerrero*, 465 S.W.3d at 706 ("[A] complete absence of authentication is a defect of substance that is not waived by a party failing to object and may be urged for the first time on appeal.") (quotation omitted).

The Browns respond that Tarbert was required to object to the authenticity of each exhibit in the trial court because the fact the Browns attempted to authenticate the exhibits with the untimely affidavit makes Tarbert's challenge an objection to form, not substance, which must be preserved in the trial court. *See Mansions in the Forest, L.P. v. Montgomery Cnty.*, 365 S.W.3d 314, 317–18 (Tex. 2012) (objection is required to preserve complaint that purported affidavit lacks jurat or other indication that it was sworn to because those are objections to form). *Mansions in the Forest*, however, deals with preservation when *an affidavit* is challenged as to form. *See id.* Here, Tarbert's argument is not that Natalie's Brown's affidavit is

---

[10] As above, in the affidavit, Natalie Brown states that "all exhibits" attached to the Browns' response to Tarbert's amended summary-judgment motion "are true and correct copies provided by me or under my direction."

defective; indeed, Tarbert does not need to challenge the affidavit, since the trial court's ruling striking the affidavit is unchallenged on appeal. *See* Tex. R. App. P. 33.1(a); *Okpere v. Nat'l Oilwell Varco, L.P.*, 524 S.W.3d 818, 836 (Tex. App.— Houston [14th Dist.] 2017, pet. denied) (evidence stricken by trial court is not part of summary-judgment record and is not considered on appeal). Rather, Tarbert argues that the absence of the affidavit renders the Browns' remaining exhibits incompetent due to a "complete absence of authentication," which is an objection to substance that may be raised for the first time on appeal. *See Guerrero*, 465 S.W.3d at 706.

The Browns also argue that three of their exhibits—their residential lease, a mold report concerning the leased property, and a letter from the children's doctor— were properly authenticated even absent the stricken affidavit. As to the lease, the Browns argue that, since the lease was attached to their response to Tarbert's original motion for summary judgment, it had already been authenticated and the trial court could take judicial notice of it. The lease, however, was not properly authenticated when it was attached to the Browns' original response. While the Browns' original response included a declaration from Natalie Brown stating, "I declare under penalty of perjury the statements made in the foregoing Response to Defendants' Motion for Summary Judgment are true and correct," this declaration did not purport to authenticate any documents attached to the response. Accordingly, this declaration did not serve to authenticate any exhibits, and is not evidence on its own, as a verified summary-judgment response is incompetent to serve as summary-judgment evidence. *See American Petrofina, Inc. v. Allen*, 887 S.W.2d 829, 830 (Tex. 1994) (citing *Keenan v. Gibraltar Sav. Ass'n*, 754 S.W.2d 392, 394 (Tex. App.—Houston [14th Dist.] 1988, no writ) (pleadings and responses, even if verified, are not competent summary-judgment evidence)). Moreover, the Browns' cited case

7

concerning judicial notice is distinguishable. *Jones v. Jones* concerned a trial court's taking judicial notice of a final judgment and a third amended original petition already a part of its record even though the attached copies were not certified. 888 S.W.2d 849, 852–53 (Tex. App.—Houston [1st Dist.] 1994, no writ). The lease, however, is not a pleading,[11] as were the documents addressed in *Jones*, and while the lease was filed more than once, there is no evidence it was ever properly authenticated. *See Guerrero*, 465 S.W.3d at 703.

As to the authenticity of the mold report, the Browns argue that it was "signed by its author, verified by the lab supervisor and contains results of tests conducted by a state certified inspector in compliance with government regulations; thus, it is both a public and business record and undisputedly trustworthy." Nothing in the report, however, shows that it is sealed or certified under seal as required of a public record. *See* Tex. R. Evid. 902(1), (2). Likewise, nothing in the report constitutes a sufficient affidavit or unsworn declaration conforming to Texas Rule of Evidence 902(10)(B) as required of a business record. *See* Tex. R. Evid. 902(10). While the Browns also argue that the report was not offered for the truth of the matters asserted therein, whether or not the report met a hearsay exception under Texas Rule of Evidence 803 is immaterial to the issue of whether it was a self-authenticating public or business record. *See* Tex. R. Evid. 803(8), 902(1), (2), (10).

The Browns also argue that a letter from a doctor treating Adley and Ily Brown was self-authenticating because it was "provided to the opposing party" as part of the Browns' expert designation. The Browns cite Texas Rule of Civil Procedure 193.7, which states that "[a] party's production of a document in response to written discovery authenticates the document for use against that party in any pretrial

---

[11] Even if it were, as noted above, pleadings are not competent summary-judgment evidence. *See American Petrofina, Inc.*, 887 S.W.2d at 830 (citing *Keenan*, 754 S.W.2d at 394).

8

proceeding" absent an objection by the producing party. Tex. R. Civ. P. 193.7. Even assuming the document was "produced" as contemplated by Rule 193.7, the Browns are the producing party, so the document is not authenticated for their use, but rather for the opposing parties' use. *See id.*

We conclude that none of the evidence presented by the Browns in response to Tarbert's amended summary-judgment motion was competent, as none of it was properly authenticated. Accordingly, we need not address additional arguments concerning whether the Browns' exhibits were properly stricken. *See* Tex. R. App. P. 47.1. We overrule the Browns' first issue challenging the trial court's evidentiary rulings.

## B. Rendition of no-evidence summary judgment on all claims

In their second issue, the Browns make various arguments that the trial court "erred in entering a final order dismissing the Browns['] entire case." We begin with analysis of Tarbert's amended no-evidence motion. *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 219 (Tex. 2017) ("When a party moves for both traditional and no-evidence summary judgments, we first consider the no-evidence motion.").

### 1. DTPA

First, the Browns argue that although Tarbert challenged on a no-evidence basis certain elements with regard to DTPA claims based on a "false, misleading, or deceptive act," Tarbert did not challenge the DTPA claims actually alleged by the Browns. In other words, according to the Browns, because Tarbert only sought "judgment on a [section] 17.50(a)(1) claim," their motion is legally insufficient and the trial court granted more relief than requested.

"A motion for a no-evidence summary judgment must specifically 'state the

elements as to which there is no evidence;' there may be no 'conclusory motions or general no-evidence challenges to an opponent's case.'" *Specialty Retailers, Inc. v. Fuqua*, 29 S.W.3d 140, 147 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) (quoting Tex. R. Civ. P. 166a(i) & 1997 cmt.). A motion that fails to identify and challenge one or more essential elements of a claim is insufficient as a matter of law and cannot sustain a no-evidence summary judgment. *See Cuyler v. Minns*, 60 S.W.3d 209, 212–13 (Tex. App.—Houston [14th Dist.] 2001, pet. denied). Such a challenge may be raised for the first time on appeal. *See id.* at 213–14.

In their original petition, the Browns alleged they "would show that [Tarbert] engaged in certain false, misleading and deceptive acts, practices and/or omissions actionable under the Texas Deceptive Trade Practices - Consumer Protection Act (Texas Business and Commerce Code, Chapter 17.41, et seq.), as alleged herein below." The Browns alleged that Tarbert "engaged in an 'unconscionable action or course of action' to the detriment of Plaintiffs as that term is defined by Section 17.45(5) of the Texas Business and Commerce Code, by taking advantage of the lack of knowledge, ability, experience, or capacity of [the Browns] to a grossly unfair degree." The Browns further alleged "the implied warranty of habitability" and "the implied warranty of quiet enjoyment" were "breached and therefore actionable under Section 17.50(a)(2) of the Texas Business and Commerce Code." Finally, they alleged they "would show that the acts, practices and/or omissions complained of were the producing cause of Plaintiffs' damages more fully described hereinbelow."

The question here is whether Tarbert's no-evidence motion sufficiently challenged the producing-cause element of the Browns' DTPA claims. In the Amended Motion, Tarbert stated:

## 1. DECEPTIVE TRADE PRACTICES

14. The Browns' claim under the Texas Deceptive Trade Practices Act requires the Browns to prove that: (1) they are a consumer; (2) that Defendants engaged in a false, misleading, or deceptive act(s); and *(3) the act(s) constituted a producing cause of the Browns' damages*. *Doe v. Boys Clubs of Greater Dallas, Inc*[.], 907 S.W.2d 472, 478 (Tex. 1995).

15. The Browns have not and cannot submit any evidence that any Defendant engaged in a false, misleading or deceptive act by leasing the home to the Browns.

16. Furthermore, *the Browns have not shown any evidence, by appointing an expert or producing documentation, that any Defendant caused the Browns' damages*.

(Emphases added).

No matter the underlying basis of a plaintiff's DTPA claim—whether based on a false, misleading, or deceptive act or practice, an unconscionable action or course of action, a breach of warranty, or an Insurance Code violation—the DTPA requires the consumer to show that the defendant's improper conduct was a "producing cause" of the consumer's injury. *See* Tex. Bus. & Com. Code Ann. § 17.50(a).[12] "Producing cause" means "a substantial factor which brings about the

---

[12] Section 17.50 of the DTPA, entitled "Relief for Consumers," provides in pertinent part:

(a) A consumer may maintain an action where any of the following constitute a producing cause of economic damages or damages for mental anguish:

(1) the use or employment by any person of a false, misleading, or deceptive act or practice that is:

(A) specifically enumerated in a subdivision of Subsection (b) of Section 17.46 of this subchapter; and

(B) relied on by a consumer to the consumer's detriment;

(2) breach of an express or implied warranty;

(3) any unconscionable action or course of action by any person; or

(4) the use or employment by any person of an act or practice in violation of Chapter 541, Insurance Code.

Tex. Bus. & Com. Code Ann. § 17.50(a).

injury and without which the injury would not have occurred." *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 481 (Tex. 1995). This requires evidence that the consumer was adversely affected by the defendant's improper conduct. *See id.* (citing *Home Sav. Ass'n v. Guerra*, 733 S.W.2d 134, 136 (Tex. 1987)).

Here, Tarbert raised a no-evidence challenge to this element under the DTPA—that any of their alleged acts "constituted a producing cause of the Browns' damages." The Browns do not otherwise contend that the process of raising a genuine fact issue on the "producing cause" of their DTPA claims would be different than or require different evidence than on any other DTPA theory. If the Browns failed to meet their burden of production on this core element, any other DTPA theory "also necessarily would fail." *See Stow v. Slammin 4, LLC*, No. 14-15-00044-CV, 2016 WL 3134520, at *6 (Tex. App.—Houston [14th Dist.] June 2, 2016, pet. denied). To conclude otherwise arguably would permit the Browns to "side-step" summary judgment. *See id.* at *5 ("While this court acknowledges the need for compliance with rule 166a(i), at the same time we recognize that 'a plaintiff may not side-step a no-evidence summary judgment merely by filing an amended claim.'" (comparing *Fuqua*, 29 S.W.3d at 147–48 (trial court erred in granting summary judgment when amended petition included new claims conversion and quantum meruit and no-evidence motion did not address essential elements of those claims), with *Lampasas v. Spring Ctr., Inc.*, 988 S.W.2d 428, 435–37 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (corrected op.) (trial court properly granted summary judgment when amended petition alleged "new variations of [plaintiffs] original negligence claims" and no-evidence motion challenged same essential elements of duty, breach, and causation))).

We conclude Tarbert's no-evidence-summary-judgment motion encompassed

the Browns' DTPA claims.[13]

## 2. Evidence supporting claims

In the second part of their second issue, the Browns argue that the trial court erred in rendering no-evidence summary judgment on their claims because they "produced a scintilla of evidence on each contested element of their contested claims." The Browns' response to Tarbert's amended no-evidence summary-judgment motion, however, relied solely on the Browns' own exhibits as evidence.[14] As explained above, none of the Browns' exhibits constitutes competent summary-judgment evidence. Moreover, while the Browns cite on appeal evidence attached to their motion to reconsider the judgment and for a new trial, the trial court struck that evidence, and the Browns do not challenge that ruling on appeal. Under the circumstances, this court does not consider that evidence. *See* Tex. R. App. P.

---

[13] The Browns also argue that the trial court granted more relief that requested because, "[a]s to damages, [Tarbert] only attack[s] the Browns' claim to damages requiring expert testimony to prove causation." This is incorrect and mischaracterizes the scope of the DTPA portion of Tarbert's no-evidence challenge, which, as quoted in the Browns' brief, encompasses all damages: "Furthermore, the Browns have not shown any evidence, by appointing an expert or producing documentation, that any Defendant caused the Browns' damages." Likewise, although the Browns suggest that Tarbert only challenged their Property Code claims as to repairs to smoke detectors without addressing their claim for repairs to door locks, Tarbert's amended summary-judgment motion specifies that the Browns brought Property Code claims concerning repairs to both "locking devices" and "smoke detectors," and states, "The Browns have provided no proof that any Defendant failed to repair or replace these devices."

[14] Tarbert attached to its amended summary-judgment motion certain pleadings and deposition excerpts. "In reviewing the propriety of summary judgment on no-evidence grounds, we ignore evidence attached to a combined summary judgment motion and offered in support of traditional summary judgment, unless the non-movant directs the trial court to that evidence in her response to the movant's no-evidence motion." *Perkins v. Walker*, No. 14-17-00579-CV, 2018 WL 3543525, at *4 (Tex. App.—Houston [14th Dist.] Jul. 24, 2018, no pet.) (mem. op.) In their summary-judgment responses, the Browns did not cite or point to the evidence attached to Tarbert's amended summary-judgment motion. Therefore, this court must ignore that evidence and may not rely on it as a basis for reversing the trial court's no-evidence summary judgment. *See id.*; *see also See American Petrofina, Inc.*, 887 S.W.2d at 830 (citing *Keenan*, 754 S.W.2d at 394) (pleadings and responses, even if verified, are not competent summary-judgment evidence)).

33.1(a); *Okpere*, 524 S.W.3d at 836.

We conclude that the Browns have not shown that the trial court erred in granting Tarbert's amended no-evidence summary-judgment motion. Accordingly, we do not reach the Browns' arguments concerning traditional summary judgment, which concern the same claims addressed on no-evidence grounds. *See* Tex. R. App. P. 47.1. We overrule the Browns' second issue.

### III.    CONCLUSION

We affirm the trial court's judgment as challenged on appeal.

/s/    Charles A. Spain
Justice

Panel consists of Chief Justice Frost and Justices Spain and Poissant (Frost, C.J., concurring).